## Benjamin C. Hardwick v. Henry D. Bassett and others.

*Equity pleading and practice: Default.* A complainant can take no decree where there is a default at the hearing, unless it be such as would be authorized by the state of the pleadings had there been no default.

*Decree on bill and answer, without replication or proofs.* Where the answer is such that the burden lies upon complainant to overcome it, and he does not reply or introduce proofs, he is entitled to no decree as to any matter not admitted.

*Facts not admitted by answer, considered as denied: Burden of proof.* Where an answer does not admit a fact set up in the bill, no denial is necessary; but the failure to admit is equivalent to a denial, and throws upon the complainant the burden of proof.

*Practice in case of an omission to reply through inadvertence or mistake.* But where the omission to reply was evidently the result of inadvertence and a mistaken view of the practice, the court did not dismiss the bill, but allowed the complainant to reply and introduce proofs, on equitable terms.

*Heard April 30. Decided May 17.*

Appeal in Chancery from Alpena Circuit.

*Green & Scofield* and *S. T. Douglass,* for complainant.

*D. C. Holbrook,* for defendant, John K. Hathaway.

CAMPBELL, J.

A bill having been filed to foreclose a mortgage, to which John K. Hathaway was made defendant as a subsequent purchaser or incumbrancer, a decree by default was entered on publication against all of the defendants as absentees. Hathaway applied under the statute to have it opened, and came in and answered. No replication was filed to his answer, and when the cause was noticed for hearing on the pleadings, he did not appear, and a decree was taken, which is now appealed from.

The first question presented is concerning the effect of a decree taken by default at the hearing.

Our rule is the same as the old New York chancery rule on the same subject, simply allowing complainant to take such decree as he is entitled to by the defendant's default, according to the usual course and practice of the court. This leaves it open to inquire what that usual course and practice is. And in this case the controversy is whether it is such a decree as would be warranted if the bill had not been answered, or whether it must be governed by the rules applicable to actual hearings on bill and answer.

There are no decisions in this state on the subject. The practice as laid down in *1 Hoffman's Ch. Pr.,* 557, seems to be that on a default at the hearing, the complainant must see to it that the decree he takes is such a one as can be sustained on the papers. *Lord Redesdale,* in *Carew v. Johnston, 2 Sch. & Lef., 300* , said that such a decree is the act of the party, conceiving what the judgment of the court would be if the other party had appeared.

It is said that by an order of Lord Bacon's, the answer is to be read, and under the English practice such a decree could not be made absolute without a subpœna to show cause against it. See the practice in *Seaton on Decrees*, *366; 1 Hoff. Ch. Pr., 557–8; 2 Dan. Ch. Pr., 1183.*

The decree, then, must stand as it would have done on a contested hearing upon pleadings.

The answer does not admit the material facts set out in the bill, and, as it was not replied to, complainant could not, in an ordinary case, help out his case by proofs. The settled rule of equity pleading is, that nothing is to be taken as true without proof, unless admitted by the answer.—*Morris v. Morris, 5 Mich. R., 171.* And in such a case the answer is to be taken as true in all respects, whether responsive or in avoidance, and whether an oath is waived or not.—*2 Dan. Ch. Pr., 1188; Brinckerhoff v. Brown, 7 J. C. R., 217.*

It is claimed, however, by complainant, that the answer in such a case as this stands on a different footing from answers where there has been no previous decree. We find nothing in the statutes to warrant the distinction. The statute says that when the case is opened, in a mortgage case before sale, "the court shall stay the sale, and the same proceedings shall be thereafter had, as if the defendant had been served with process, and had regularly appeared."—*Comp. L., § 3548.* This puts the defendant on precisely the same footing as if—so far as he is concerned—there had never been any decree.

The result is, that on the hearing upon bill and answer, the complainant made out no case against Hathaway, and he would have been strictly entitled to have the bill dismissed, as to himself, with costs.

But, inasmuch as it is evident the complainant's counsel acted through misapprehension, and Hathaway appears

to be a proper party defendant, who should be brought in to make a perfect foreclosure, we think we should follow the equitable practice, settled in such cases, of allowing complainant, on proper terms, to reply and introduce his proofs. This practice is laid down as a general rule, in *Daniell* (*p. 1190*), and is very just and proper. And as defendant's answer appears also to have a clerical omission, which may become material if a reply is allowed, he should also have liberty to amend if he chooses.

The decree must be reversed, with costs of this court, and the case must be remanded, with leave to defendant, Hathaway, to amend his answer, and leave to complainant to file a replication. As the replication, under our practice, is always general, it is not very important whether it is filed before or after the answer is amended. The answer must be amended, if at all, within thirty days, and the replication filed within forty days; testimony to be closed in sixty days after issue joined on the amended pleadings, unless the time is extended by the court below.

CHRISTIANCY, Ch. J., and COOLEY, J., concurred.

GRAVES, J., did not sit in this case.