BESSIE L. DALY v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Divorce—Cross-bill—Verification—Amendment—Taking testimony.*

1. Where, in a divorce suit, the complainant petitions the court to set aside the decree granted the defendant under his answer in the nature of a cross-bill, on the grounds, among others, that the verification to the answer fails to negative the existence of collusion, as required by the statute, and that no replication to complainant's answer to the cross-bill was filed, it is within the discretion of the court to permit an amendment of the verification so as to make it conform to the statute, and the filing of said replication.[1]

---

[1] NON-COLLUSION CLAUSE IN VERIFICATION TO BILL FOR DIVORCE.

For cases construing 3 How. Stat. § 6232, which provides that the oath or affirmation administered to the complainant in swearing to a bill for divorce shall recite that he or she does solemnly swear that there is no collusion, understanding, or agreement whatever between complainant and defendant in relation to said application for divorce, see:

1. *Ayres v. Circuit Judge,* 90 Mich. 380, holding that said statutory requirement is mandatory, and the absence of said non-collusion clause cannot be waived by any act of the defendant.

2. *Harrison v. Harrison,* 94 Mich. 559, holding that an answer in the nature of a cross-bill must be verified in order to authorize a

2. 3 How. Stat. § 6231, which provides that no proofs or testimony shall be taken in any divorce suit until four months after the filing of the petition or bill, except where the cause for divorce is desertion, or when the testimony is taken conditionally for the purpose of perpetuating such testimony, applies only to the petition or original bill, and its object is attained in four months from the filing of the petition or bill, as well where a cross-bill is filed as where it is not.

*Mandamus.* Argued October 23, 1894. Denied November 7, 1894.

Relator applied for *mandamus* to compel the respondent to set aside a decree for divorce. The facts are stated in the opinion.

*C. J. Reilly,* for relator.

*Philip T. VanZile,* for respondent.

HOOKER, J. The relator filed a bill for divorce on September 9, 1893. The defendant filed an answer in the nature of a cross-bill on December 26, 1893, said answer being verified; but said verification did not contain the averment negativing collusion, as required by 3 How. Stat. § 6232. On January 17, 1894, complainant filed an answer

---

decree for the defendant, but, if not, it may be amended, where the proof shows an absence of collusion.

3. *Holcomb v. Holcomb,* 100 Mich. 421, holding that, where the jurat states that "there is no agreement or understanding" between the parties in relation to the application for divorce, the defendant should not be permitted to object for the first time in the Supreme Court that the oath is not in strict conformity with the statute, she having appeared, answered, contested the case, and filed a petition to set aside the decree appealed from.

4. *Tackaberry v. Tackaberry,* 101 Mich. 102, holding:

*a*—That, where the original bill is properly verified under the statute, an objection that an amendment or a supplemental bill, filed by stipulation of the parties, is not so verified, is without force.

*b*—That an objection, made for the first time on appeal, that the answer to a cross-bill is not sworn to, comes too late.

to the answer in the nature of a cross-bill. Proofs were taken in open court, beginning on March 14, 1894, and ending March 21, 1894. Both parties appeared by counsel, and both introduced testimony. Upon the 21st day of March a decree was made, granting a divorce to the defendant, and denying it to the complainant. On June 29, 1894, relator caused a petition to be filed in said cause, asking that the decree be set aside for the following reasons, viz.:

1. That the cause was not at issue when heard, because no replication to complainant's answer to defendant's cross-bill had been filed.

2. That defendant's answer in the nature of a cross-bill was not properly verified.

3. That the testimony was prematurely and unlawfully taken, because it was taken within the period of four months after the defendant's answer in the nature of a cross-bill was filed.

4. That a decree was rendered in favor of the defendant within four months after his cross-bill was filed.

The court denied the prayer of this petition, and made an order that defendant be permitted to verify his answer, and to file a replication *nunc pro tunc*. Upon complying with said order, defendant was granted a new decree, in all substantial respects like the first one.

It was a proper exercise of the court's discretion to permit the amendment of the verification and the filing of a replication after decree. Had the questions arisen upon the hearing, the power to do so would probably not have been questioned; but the questions were not raised then, and, when they were raised, were no more meritorious than they would have been upon the hearing. There is no legal impediment, for courts may permit amendments to the pleadings or proceedings after judgment. How. Stat. chap. 264, and notes.

3 How. Stat. § 6231, provides that—

"No divorce shall be granted unless the party exhibit-

ing the petition or bill of complaint therefor shall have resided in this State one year immediately preceding the time of exhibiting such petition or bill, or unless the marriage was solemnized in this State, and the complainant shall have resided in this State from the time of such marriage to the time of exhibiting the petition or bill, and, when the cause for divorce occurred out of this State, no divorce shall be granted unless the complainant or defendant shall have resided within this State two years next preceding the filing of the petition or bill; and no proofs or testimony shall be taken in any cause until four months after the filing of such petition or bill for divorce, except where the cause for divorce is desertion, or when the testimony is taken conditionally for the purpose of perpetuating such testimony."

It is contended that this section applies to proofs taken in support of the defendant's answer, because it is in the nature of a cross-bill, and contains a prayer for divorce. This construction requires an enlargement of the language used in the statute, which, strictly construed, applies only to the petition or original bill for divorce, which are the only instruments provided for the commencement of divorce proceedings. We are of the opinion that this provision of the statute was to prevent hasty divorces, and that the object is attained in four months from the filing of the petition or bill, as well where a cross-bill is filed as where it is not.

The proofs being seasonably taken, there was perhaps no necessity for the making of a second decree, which apparently was only made for prudential reasons.

The *mandamus* will be denied.

The other Justices concurred.