## In re VASTBINDER.

(District Court, M. D. Pennsylvania. October 6, 1904.)

### No. 492.

1. BANKRUPTCY—PROPERTY UNDER LEVY OF EXECUTION—RIGHT OF TRUSTEE TO SELL.

An adjudication in bankruptcy draws to the bankruptcy court jurisdiction to administer all the property of the bankrupt estate not in the actual custody of some other court. and the trustee is entitled to sell property to the exclusion of a sheriff, although the latter may have a valid lien thereon by virtue of the levy of an execution more than four months prior to the bankruptcy.

2. SAME—STAY OF EXECUTION AFTER BANKRUPTCY.

A sheriff having made a levy by virtue of a fieri facias on the goods of the bankrupt more than four months prior to bankruptcy, a venditioni exponas was issued to make a sale, pending which the defendant filed a voluntary petition. *Held* that, notwithstanding the validity of the levy, the vend. ex. must be stayed; it not being essential to the levy that it should be executed, and the goods having been drawn into the control of the bankruptcy court.

In Bankruptcy. Sur petition of trustee to stay sheriff's sale of personal property.

See (D. C.) 126 Fed. 417.

Merrick & Young, for trustee.

David Cameron, for execution creditor.

ARCHBALD, District Judge. At the time the previous proceedings were instituted the respondent's goods were under levy upon a fi. fa. issued out of the common pleas of Tioga county. This was stayed by the court; but, the proceedings having been dismissed in May last (Troy Wagon Works v. Vastbinder [D. C.] 130 Fed. 232), a vend. ex. was sued out to enforce the lien of the levy, following which, a month later, the respondent was declared a bankrupt on his own petition. Under the writ now in his hands the sheriff has advertised the goods for sale; and the trustee, having meanwhile obtained an order of court for the same purpose, has done likewise.

The question is, which is entitled to proceed? and it seems to me under the circumstances that the trustee is. While the lien of the levy, if it has been properly kept up, is not divested by the present proceedings, antedating them, as it does, over four months, it is not necessary to its preservation or enforcement that the goods should be actually disposed of by the sheriff on the vend. ex. The trustee took subject to the levy, and the execution creditor will be

entitled to be paid out of the proceeds realized from the goods, without regard to who may happen to sell them. But, bankruptcy having intervened, jurisdiction over the property of the bankrupt has been drawn to this court, under the direction of which the estate is to be now administered, and to this forum parties who have claims thereon by way of lien or otherwise are remitted for the ascertainment and establishment of their rights. There is no valid reason why, in disregard of this, the trustee should be compelled to follow the fund arising from the goods elsewhere; and it would reverse the natural order and complicate matters to require him to do so.

The case of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, on which reliance is placed, was different. That was a creditors' bill, by which not only did the complainant secure a specific lien, but the court in which it was filed obtained direct jurisdiction over the property against which the equity was asserted; and it was with reference to that situation that the bankruptcy proceedings were held to have no effect. But in the present instance the goods are not under the dominion of another court. They have simply been taken by the sheriff upon process as an officer of the law, the same as they might be by a constable on an execution from a magistrate, or a bailiff under landlord's warrant on a claim for rent. Surely, in the latter instances, the trustee should not be subjected to the uncertainties of a justice's court, or the irresponsible action of a landlord, and, if not, why should he any more give way to an execution in the hands of the sheriff?

The petition is therefore sustained, and the writ of vend. ex. in the hands of the sheriff stayed.