### In re BAUGHMAN.

#### (District Court, M. D. Pennsylvania. May 26, 1905.)

#### No. 636.

BANKRUPTCY—JURISDICTION OF COURT—PROPERTY SUBJECT TO VALID LEVY.

An adjudication of bankruptcy draws to the bankruptcy court jurisdiction to administer all property of the bankrupt, real and personal, although it may be subject to a valid lien acquired by judgment or the levy of an execution more than four months prior to the bankruptcy; and a sale under such lien will be enjoined, and the property sold by the trustee, unless the court, in the exercise of its discretion, may otherwise direct.

In Bankruptcy. Rule on Citizens' Trust Company of Gettysburg to show cause why execution should not be stayed.

Ross & Brenneman, for trustee.

Joseph R. Strawbridge, William Herbst, and W. C. Sheely, for execution creditor.

ARCHBALD, District Judge. This case is governed by In re Vastbinder, 13 Am. Bankr. Rep. 148, 132 Fed. 718, decided by this court, where it was held that notwithstanding a lien had been acquired by levy upon personal property more than four months prior to bankruptcy, to enforce which a vend. ex. had been issued, and the sheriff had advertised the goods for sale, a stay of the execution should be granted and the goods be sold by the trustee, jurisdiction of the property by the bankruptcy proceedings having been drawn to this court, under direction of which the estate was to be administered, and to which parties having claim by way of lien or otherwise were remitted for the ascertainment and establishment of their rights. Very little need be added to what is there said. In the present instance, while the execution creditor by virtue of its judgment has a lien upon the real estate proposed to be sold, which, antedating the bankruptcy proceedings by over four months, as it does, may not be affected thereby, yet, bankruptcy having intervened, the sale and distribution of the property, as well as the establishment of the correct amount due to the judgment creditor which seems to be in dispute, belongs to this court, unless it is considered best to let it go on elsewhere, as might be the case if the liens were more than enough to exhaust the property, leaving nothing for gen-

eral creditors; although this is not always controlling, and is entirely optional. In re Keet, 11 Am. Bankr. Rep. 117, 128 Fed. 651. A stay of execution does not interfere with the lien, as argued. It merely controls its enforcement, in the interest of general creditors, where that is deemed advisable. Neither is there any difference in this respect between real and personal property. Nor, as pointed out in the Vastbinder Case, supra, does such a case come within the ruling made in Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. See Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555.

The rule is made absolute, and further proceedings upon the execution of the Citizens' Trust Company of Gettysburg, in the hands of the sheriff, are hereby stayed.