LAFRANCE *v.* GRIFFIN.

1. Equity—Pleading and Practice—Replication—Hearing on Pleadings.
    Unless a replication is filed to an answer in equity or is waived, the complainant who brings the cause to a hearing cannot help out his case by proofs.

2. Same.
    At the hearing on pleadings, the effect of the answer is the same whether verified or not if a sworn answer is waived in the bill.

3. Same.
    The answer admits every material averment of the bill which it does not deny. Chancery Rule 10*d*.

4. Same—Appeal and Error — Contents of Record—Omissions of Evidence.
    In a suit to enjoin an action at law to recover possession of lands sold under contract which the vendor claimed was discharged by default in the stipulated payments, where the complainant brought the injunction proceedings on for hearing on pleadings, and where an order was entered by the circuit judge referring the case to a commissioner to take proofs, the defendant not consenting to the order, the record on appeal is sufficient as against a motion to dismiss, if it contains merely the pleadings without the evidence which was improperly received by the trial court.

5. Vendor and Purchaser — Injunction Against Action of Ejectment—Default in Payments—Forfeiture.
    After a default in the terms of a land contract by the vendee, the service of a notice of forfeiture terminates the contract relations of the parties.

Appeal from Bay; Collins, J. Submitted January 20, 1910. (Docket No. 96.) Decided March. 5, 1910.

Bill by Peter Lafrance against Albert A. Griffin and Gertrude L. Griffin for the specific performance of a land contract, and to enjoin an action of ejectment. From the

decree rendered, defendants appeal. Reversed, and bill dismissed.

*Weadock & Duffy* (*H. A. La Berge*, of counsel), for complainant.

*Albert McClatchey*, for defendants.

The defendants were vendors and the complainant was the vendee in an executory contract for the sale and purchase of certain lands. Claiming that the vendee was in default, the vendors served upon him a notice of forfeiture, and thereafter began an action of ejectment to recover the possession of the land, into which the vendee had entered. The vendee thereupon filed the bill in this cause, praying that defendants specifically perform the contract, that an accounting be had, and that the defendants be enjoined from further prosecution of the action of ejectment. The bill was verified. Answer on oath was waived. We assume that a temporary injunction issued, but the fact is not disclosed by the printed record. The defendants answered the bill, but not upon oath. No replication was filed. About a year and eight months after the bill was filed, an opinion was handed down, reciting that the case had been submitted on bill and answer, and a finding of facts, with the conclusion that the defendants were entitled to a decree dismissing the bill, and that such a decree would be made unless the complainant on or before the 26th of "this month" (July) pays or causes to be paid the full amount due upon the contract, the taxable costs of the ejectment suit and the taxable costs of this suit, and providing that, unless the parties agree upon the amounts due on or before the 17th of the month (July),—

"The court will make an order of reference requiring an immediate report showing the amounts due from the complainant to the defendants as indicated by this decision, which will be followed by a decree pursuant thereto."

There was an order of reference made August 4, 1909, to a commissioner to take an accounting and report the

amount due upon the contract, and the commissioner was directed to examine the bill and answer and such statements and accounts as the parties should furnish and such testimony as should be taken. Each party was directed to file an account, and each authorized to take testimony on notice. It is disclosed by the brief for appellants that their solicitor, although having notice of the order of reference, did not attend, nor did the appellants attend, before the commissioner. The next thing appearing in the record is the notice of settlement of a decree on September 1, 1909. Objections to the proposed decree seem to have been presented, but under what date or how does not appear, and on the 7th of September, 1909, the proposed decree was signed. The decree recites that the cause came on to be heard upon the bill, answer, and the proofs, oral, documentary, and written, taken and filed in said cause by the commissioner. It is adjudged that complainant pay into court in 60 days $537.84, being the amount found due by the commissioner, costs of $33, and costs of the ejectment suit, $25. It is further adjudged that, if an appeal to the Supreme Court is taken, the said sums shall be paid by complainant on or before 20 days from the determination of that court. If complainant makes the payment, defendants are ordered to desist and refrain from prosecuting the ejectment suit and complainant shall have title to the land. If he does not pay, "the bill will be dismissed, the injunction dissolved, and the defendants permitted to prosecute their ejectment suit." From this decree the defendants have appealed. The printed record appears to have been received by the clerk of this court December 17, 1909. On January 11, 1910, a motion to dismiss the appeal was made. The grounds of the motion are that no case on appeal had been settled and no agreed statement of facts had been made, because the testimony taken before the commissioner and offered upon the hearing was not included in the record, because the case was certified by neither the circuit judge that heard the cause nor a circuit court commissioner. We are

asked by appellants to make such a decree as should be made upon a consideration of the averments found in the bill and answer, and that decree, it is claimed by the appellants, should be one either dismissing the bill of complaint or modifying the decree of the court below with respect to the amount found due, and in other respects.

OSTRANDER, J. (*after stating the facts*). If the court below should have considered only the bill and answer, this court may proceed, on this appeal, to consider what decree is warranted by those pleadings. If the court below properly considered the report of the commissioner, the motion to dismiss the appeal must be granted. It is the general rule that, unless a replication is filed, the complainant, if he brings the cause to a hearing, cannot help out his case by proof. Nothing is taken as true without proof unless admitted by the answer. *Morris* v. *Morris*, 5 Mich. 171; *Hardwick* v. *Bassett*, 25 Mich. 149. Whether the answer is or is not sworn to, if answer on oath is waived, the rule is the same. Chancery Rule 10, subd. *a; Fields* v. *Highway Commissioner*, 102 Mich. 449 (60 N. W. 1048). Under the present practice in this State, every material allegation in the bill to which the defendant shall not make answer is taken as admitted by defendant. Chancery Rule 10, subd. *d*. There is no claim that the failure to file replication was an inadvertence. It is said in the brief for appellee that "the reason why complainant filed no replication is none of defendant's concern. They are affected only by the fact of whether or not one was filed." The failure to file one was not waived. We conclude, therefore, that the motion to dismiss the appeal should be denied, with costs, and that the cause must stand for hearing in this court upon the record presented.

Examination of the bill and answer discloses that admitted allegations of the bill are that the contract was executed, the purchase price was $1,300, payments $25 down and $25 on the 21st of each month until the whole sum

and interest at 5 per cent. had been paid, a total of $795 paid before contract relations were ended by notice, and that contract relations were ended by notice. A computation supplies the fact that, when the notice was given, complainant was in default. Affirmative averments in the answer, to be accepted as true, are that on April 4, 1907, complainant was requested to pay on or before April 11, 1907, and paid no attention to the request. The notice terminating contract relations was given April 30, 1907. Nothing was thereafter paid, although a tender of $25, made in July, 1907, after suit had been begun, was refused. Indeed, on July 8, 1909, one year and eight months after the bill was filed, the court below found that at the time of giving the notice, and ever since, complainant was in default, that defendants were entitled to a decree dismissing the bill, and that such a decree would be made unless complainant, on or before July 26th, paid or caused to be paid the full amount due on the contract (it was all due), and, in addition, the taxable costs of the ejectment suit and of this suit. This finding gave complainant credit for $142.75, which the answer did not admit, but expressly denied, as a payment on the contract. The decision proceeds with the statement that, unless the parties agreed before July 17th upon the sum due, an order of reference would be made. The order of reference was not made until August 4, 1909. It is apparent that the commissioner allowed to complainant payments in excess of those admitted and of the $142.75 allowed by the court. It is patent that no reference was required to enable complainant to compute the amount due in accordance with the finding of the court. Costs the court offered to tax summarily, and the taxable costs were ascertainable. So far as is disclosed, complainant has not, up to this time, produced any money in or out of court to discharge the indebtedness.

We find that the complainant was in default when the notice of April 30, 1907, was given; that the notice terminated the contract relations of the parties; that the bill is

not filed to set aside the forfeiture or to relieve from the default. Indeed, the practice pursued strongly indicates that the bill was filed for delay merely.

Appellants, having asked for no affirmative relief, may take a decree dismissing the bill, with costs of both courts.

MONTGOMERY, C. J., and HOOKER, MOORE, and STONE, JJ., concurred.