BENDER v. WAYNE CIRCUIT JUDGE.

1. ARREST—CAPIAS—COMMENCEMENT OF ACTION—PLEADING.

Act No. 168, Pub. Acts 1899, amending section 10006, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12669), as to the time for filing the declaration in the cause, applies to actions commenced by capias only, not to suits begun by the issuance of a summons.

2. DEFAULT—OPENING AND VACATING—CAPIAS.

Under Circuit Court Rule 12b, it is discretionary with the circuit judge to open a default of the plaintiff in filing a declaration in an action commenced by summons upon a motion and showing excusing the failure, for the reason that his attorneys were laboring under a misapprehension or mistake, and failed to take the step within the required time.

Mandamus by Fred Bender against Alfred J. Murphy, one of the circuit judges for the county of Wayne, to compel respondent to vacate an order opening the plaintiff's default in an action wherein relator was defendant. Submitted April 28, 1914. (Calendar No. 26,191.) Writ denied June 1, 1914.

*George P. Palmer,* for relator.

*Sloman & Sloman,* for respondent.

MOORE, J. This is a mandamus proceeding. The petition shows that Sloman & Sloman began a suit against relator in the circuit court by summons on December 16, 1913; that on December 24, 1913, defendant therein caused his appearance to be entered; that for want of service of declaration, on the 5th day of January, 1914, defendant caused the default of the plaintiffs to be entered; that on February 3, 1914, the plaintiffs moved to set aside said default. On February 27, 1914, the court entered an order as follows:

"In this cause ordered that the default of plaintiff be and hereby is set aside. It is further ordered that plaintiff be and hereby is allowed three days to serve and file a copy of declaration, and that defendant be allowed costs in the sum of fifteen dollars."

A motion was made to vacate this order, which motion was denied. Other motions and orders were made which are not material to the inquiry here.

This is an application for an order requiring the circuit judge to set aside the order of February 27th, above quoted. In his answer to relator's petition the circuit judge returned in part as follows:

"That, in answer to paragraph 5 of said petition, this respondent says that he did make the order set forth in paragraph 5 of said petition, but that he did so upon a hearing in open court after due consideration of the petition of said Sloman & Sloman to have said default set aside, and the affidavit upon which the same was based, and after hearing arguments of counsel for the respective parties, and because he found that said Sloman & Sloman had been prevented from filing their declaration in said case within the time required by Circuit Court Rule No. 2, by reason of a mistake, and while laboring under a misapprehension, and because said Sloman & Sloman had made ap-

plication to the circuit court for the county of Wayne, as required by Circuit Court Rule '12b,' and were entitled under the finding of the court to have said default set aside."

The proceeding involves a construction of sections 10004, 10005 and 10006, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12669), and the amendment made to the last-named section by Act No. 168 of Public Acts of 1899. We quote the three sections:

"(10004) SEC. 21. If a defendant arrested on process on which he is required to be held to bail, shall be committed to prison for the want of such bail, the sheriff or other officer making the arrest shall specially return upon such process, the fact that the defendant is imprisoned for want of bail.

"(10005) SEC. 22. Upon such return being made, the plaintiff shall declare against the defendant before the end of the term next after such process was returnable, and shall deliver a copy of the said declaration to such prisoner, or to the sheriff or keeper of the jail in whose custody such prisoner shall be; and if such declaration be not served as herein prescribed, the defendant shall be discharged from his imprisonment, and shall be entitled to judgment of discontinuance against the plaintiff.

"(10006) SEC. 23. When a defendant shall have appeared in any cause, by causing his appearance to be entered, or by putting in and perfecting special bail, where such bail is required, the plaintiff shall declare against such defendant, by the end of the next term after the return of the writ by which such suit was commenced."

The amendment consists of substituting the words "within fifteen days after the issue of said writ" for the words "by the end of the next term after the return of the writ by which such suit was commenced," in section 10006.

The relator claims that since this amendment a circuit judge is not authorized to set aside a default, whatever the showing, entered in a case commenced

by summons for failure to file a declaration within 15 days after the issuance of the summons.

It is significant that every time, so far as we can learn, that this section of the statute has been up for construction before this court, the case has been a capias case. We think that a reading of section 10006, in connection with the two sections which precede it, indicates clearly that all three sections relate to actions commenced by capias. The circuit judge had a right to enter the order he did by virtue of Circuit Court Rule 12b.

The writ is denied, with costs.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.