BLODGETT *v*. KENT CIRCUIT JUDGE.

EQUITY—PRACTICE—REPLICATION—EXTENDING TIME.

> Chancery Rule 12, fixing the time within which a replication
> may be filed at fifteen days, recognizes in the chancellor
> a discretion to extend the time: hence, it was not incorrect
> practice, on defendant's motion to strike a replication
> from the files, to deny the request, leaving the replication
> on file as if properly entered by permission of court after
> the time stated in the rule, the court being expressly
> authorized to extend the time thereby.

Submitted October 5, 1915.   (Calendar No. 26,834.)
Decided December 21, 1915.

Mandamus by John W. Blodgett against John S. Mc-
Donald, one of the circuit judges for the county of
Kent, to require respondent to vacate his order deny-
ing the motion of petitioner to strike from the files the
replication of the Grand Rapids Trust Company, as
trustee, in a chancery proceeding in which petitioner
is one of the defendants.   Writ denied.

*Norris, McPherson, Harrington & Waer,* for relator.

*Thos. P. Bradfield,* for respondent.

MOORE, J.   On or about September 11, 1914, there
was commenced a suit in chancery wherein the Grand
Rapids Trust Company, as trustee of the Grand Rapids
Motor Truck Company, was complainant, and in which
John W. Blodgett, together with numerous other par-
ties, was a defendant.   On October 6, 1914, Mr. Blodg-
ett's answer to the bill of complaint was filed and
served.   The answers of many of the other defendants
were not served until some months thereafter.   After
the filing and service of Mr. Blodgett's answer, no rep-

lication was filed for more than five months. Immediately upon the receipt of this replication Mr. Blodgett, by his solicitors, filed a motion to strike from the files this replication on the ground that it was not filed within 15 days after the filing and serving of the answer. This motion was denied, and at a later date a motion to vacate the order thereupon entered was also denied. This petition for mandamus asks for an order directing the circuit judge to strike from the files this replication. Counsel say:

"There is one, and only one, question involved in these mandamus proceedings; that is: Did this court when it promulgated Chancery Rule No. 12, mean what it said? If it meant what it said, then the writ of mandamus should issue."

In his return to the order to show cause appears the following:

"No proof or suggestion was made by or on the part of the relator that it would be more difficult or inconvenient or prejudicial to him for him to produce evidence in support of his said answer if the said replication were now allowed to stand as filed *nunc pro tunc* than it would have been had the replication been filed within 15 days after service of a copy of his said answer, and the said relator by his counsel rested his claim that he was entitled to have said replication struck from the files solely upon the ground that it was not filed or served within said 15 days. And, further, it not appearing that the relator had been in any manner prejudiced by the failure of the complainant to file such replication within 15 days from the time of the service of a copy of the said answer, and it appearing that the said bill is filed by the complainant in his representative capacity, as trustee in bankruptcy appointed by the United States court, for the purpose of obtaining a contribution from the stockholders owning stock not fully paid for in proportion to the amount remaining unpaid from each, respectively, for the purpose of paying the creditors mentioned in the said bill, and that should the

said statements of the said answer of the relator be in fact untrue, it would be an injury and injustice to all the other defendants in this cause who might, at the hearing, be found liable, so to contribute as well as to the said complainant as trustee, to allow the said answer to be taken as true by reason of such failure of the said complainant to file a replication; and it also appearing that the said complainant did not admit that the said statements in the answer of the relator are true, but on the contrary claims that the same are untrue in fact, and that in fact the said relator is the owner of a number of shares of such stock on which he has not paid anything, and that the omission to file such replication was inadvertent and unintentional, and that, should such motion be granted and such replication struck from the files, it would be necessary, in order that equity might be done to all parties, to discontinue the present case and file a new bill, which would cause great expense and delay—I deemed it to be for the interest of equity and justice and the exercise of sound discretion to make the order that the said motion be denied, and that the said replication be deemed to have been filed *nunc pro tunc.*"

Counsel for relator rely upon the strict reading of the rule which is as follows:

"The complainant shall file a replication to the defendant's answer within fifteen days after service of such answer. Otherwise the cause shall stand for hearing on such bill and answer unless the time for filing a replication shall be extended."

The practical effect of what was done is to extend the time for filing the replication after the 15 days had expired. We think this was within the discretion of the judge. *Hardwick* v. *Bassett,* 25 Mich. 149; *Daly* v. *Circuit Judge,* 102 Mich. 392 (60 N. W. 758). See, also, *Bender* v. *Circuit Judge,* 181 Mich. 50 (147 N. W. 571); *Van Slyke* v. *Rooks,* 181 Mich. 88 (147 N. W. 579).

The application for the writ is denied, with costs.

BROOKE, C. J., and PERSON, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.