## In re FRASER.

(District Court, W. D. New York. November 13, 1919.)

### No. 7540.

1. CHATTEL MORTGAGES ⬗192—DELAY IN FILING.

That a chattel mortgage was not filed until 14 days after its execution *held* not such delay as to invalidate it under the law of New York, under the circumstances shown and in the absence of any evidence to indicate fraud.

2. BANKRUPTCY ⬗196—DELAY IN MAKING SALE ON EXECUTION.

An execution *held* not invalid, under Bankruptcy Act July 1, 1898, § 67f (Comp. St. § 9651), for dormancy, as against a trustee in bankruptcy of the debtor, because of delay of four months after levy before sale, where it was not by direction of plaintiff or his attorney, and no prejudice to the trustee resulted.

3. BANKRUPTCY ⬗216, 217(3)—EXECUTION SALE AFTER BANKRUPTCY; STAY BY BANKRUPTCY COURT.

Unless stayed by order of the bankruptcy court, a sale on execution of bankrupt's property may lawfully be made after adjudication under a valid prior levy.

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Samuel Fraser, bankrupt. On review of order of referee. Modified.

Decker & Menzie, of Rochester, N. Y., for judgment creditor.
Scott W. Crane, of Livonia, N. Y., for trustee.

HAZEL, District Judge. The referee in bankruptcy decided that the trustee for the bankrupt was entitled to a fund in the custody of the sheriff of Livingston county—$1,547.75, less his fees—which amount had been realized on sale of property under execution issued against the bankrupt. The decision is modified as hereinafter indicated.

The material facts of this case follow: On January 29, 1917, the bankrupt delivered a chattel mortgage to the Allaire Water Supply & Land Company upon certain personal property, which was filed on February 16, 1917. On October 8, 1917, two judgments were recovered against the bankrupt, one for $540.31, and the other for $1,076.20. On October 20, 1917, executions on such judgments were delivered to the sheriff of Livingston county, who levied on all personal property of the bankrupt, including his interest in the personal property mortgaged. The smaller judgment was subsequently paid. The execution upon the unpaid judgment was renewed, and no sale was had thereunder until April 17, 1918, after the adjudication in bankruptcy, at which sale the amount was realized which the trustee is endeavoring to have refunded to him. The bankrupt was adjudicated on April 6, 1918.

1. The chattel mortgage expired as a lien on February 16, 1918, on account of failure to renew the same under the statute laws of this state, and I am satisfied that the levy thereafter made under the execution upon the chattels specified in the mortgage was inoperative and of no effect, since such levy was made within four months of the adjudication in bankruptcy, when the lien of the execution and levy was void under section 67f of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564 [Comp. St. § 9651]). Collier on Bankruptcy (11th Ed.) 1080, 1081.

[1] 2. About 14 days passed after the chattel mortgage was delivered before it was filed, but such intervening time is not believed to have been an unreasonable delay. It was necessary to mail the mortgage to the mortgagee at Allaire, N. J., for examination before filing. It is not shown that at such time the mortgagee knew of the insolvency of the mortgagor, or that the chattel mortgage was collusively withheld from record with an intention to cheat and defraud creditors. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073.

3. The trustee is therefore entitled to the proceeds of the sale of the personal effects included in the mortgage on which the mortgage had ceased to be a valid lien.

[2] 4. The execution as to the levy on property not specified in the mortgage was not invalid as against the trustee because of dormancy. The sheriff, true enough, delayed about four months in enforcing the execution which plaintiff's attorney had extended at his request, but there was no direction given the sheriff not to proceed in its collection.

The law is that an execution may become dormant after levy, if instructions were given to the sheriff not to sell the property levied upon, and when such a delay ensues a senior judgment loses its priority over a junior judgment or levy, or other liens acquired during the dormancy. In the present case it is not shown that plaintiff was favoring the bankrupt by delaying to enforce his lien, or that any junior judgment creditors or others acquiring intervening rights were hindered or interfered with during the time the execution was extended, and accordingly the invalidity of the levy and sale in my opinion is not sufficiently clear to justify requiring the sheriff to surrender to the trustee the entire amount realized on the sale. The lien acquired by Rouse on the unmortgaged property was good, I think, as against the trustee at the date of filing the petition in bankruptcy. Indeed, the trustee possessed only such rights as a junior creditor had on that day. In re Zeis, 245 Fed. 737, 156 C. C. A. 139.

[3] Whatever delay there was in enforcing the execution was not prejudicial to the trustee or any rights acquired by him. The property levied upon at such time was still charged with a lien and levy, and the trustee took the bankrupt's property subject to liens against it and to the same conditions as the bankrupt himself held it. Zartman v. First National Bank, 216 U. S. 138, 30 Sup. Ct. 368, 54 L. Ed. 418. That the sheriff sold the property after filing the petition in bankruptcy is not of material importance, since he levied during the life of the process as between the judgment creditor and the bankrupt; and unless stayed by an order of the court of bankruptcy he had a right to sell under the execution. In re Vastbinder (D. C.) 13 Am. Bankr. Rep. 148, 132 Fed. 718; In re Baughman, 15 Am. Bankr. Rep. 23, 138 Fed. 742.

For the foregoing reasons I think that the Irving Rouse judgment was a valid lien, and should be paid out of the proceeds of the sale of the property not included in the chattel mortgage which amounted to $879.75. The proceeds, however, realized from the chattel mortgaged property should be surrendered to the trustee in bankruptcy.

So ordered.