### In re OGILVIE.

(District Court, W. D. Kentucky. May, 1923.)

Bankruptcy ⬤⇒217(3)—Restraint of sale of bankrupt's property under judgment of state court held not authorized.

> A referee in bankruptcy, after the adjudication, could not restrain the sale of bankrupt's property under a judgment of the state court in an action to enforce mortgage liens commenced more than a year before the petition was filed; bankruptcy trustee's remedy being by intervention in the state court.

In Bankruptcy. In the matter of A. Hume Ogilvie, bankrupt. On petition to review an order of the referee restraining interference with sale of property under a judgment of a state court. Reversed.

Mocquot, Berry & Reed, of Paducah, Ky., for petitioners.

Oscar Kahn, of Paducah, Ky., for trustee.

WALTER EVANS, District Judge. On the petition of the bankrupt he was adjudicated to be such on the 6th day of April, 1923. Shortly afterwards he, and not the trustee or any creditor, filed a petition asking the referee to grant a restraining order preventing T. A. Miller, trustee, J. D. Mocquot, Berry & Reed, North American Life Insurance Company, Ohio Valley Bank & Trust Company, and all others from interfering with or attempting to sell the real and personal property of the bankrupt. The referee entered a general order to that effect on the 9th day of April at 9 o'clock a. m. The master commissioner of the McCracken circuit court, the Ohio Valley Bank & Trust Company, of Paducah, and the North American Life Insur-

ance Company, with leave of the court, on the 5th day of May, 1923, filed a petition for a review of the order of the referee which has just been described. To that petition the trustee on the 5th day of May appeared and filed a response. The referee also filed his certificate upon the petition for a review on May 5, 1923, and later, at the suggestion of the court, made that report more definite and specific.

It clearly appears that the adjudication in bankruptcy was made on the date we have referred to, namely, April 6, 1923. It is made to appear equally clear (indeed, there is no reasonable doubt about it) that the master commissioner of the McCracken circuit court, when enjoined as now complained of, was executing a long previously entered judgment of that court directing and requiring a sale of certain property which more than a year before the adjudication of the bankrupt had been mortgaged separately to the North American Life Insurance Company and to the Ohio Valley Bank & Trust Company for large indebtedness secured by such mortgages.

The proceedings in the McCracken circuit court, under which the master commissioner of that court was about to make the sale, were commenced therein over four months previously and indeed a year before the adjudication in bankruptcy of A. Hume Ogilvie was made or his petition therefor filed. So that it is clear that at the time of the adjudication a court of perfectly competent jurisdiction was proceeding to enforce mortgage liens in suits that had been begun in the McCracken circuit court much over four months previous to the filing of the bankrupt's petition or the adjudication thereon.

In this situation the injunction granted by the referee was not only erroneous but inadmissible. It is perfectly well established by the authorities that in such cases the trustee in bankruptcy can intervene in the state court proceedings and endeavor there to protect any interest the bankrupt may have in the property over and above the amount of indebtedness sought to be collected in the state court proceedings. In this court we have ourselves on several occasions acted as we shall now act in this case. See In re Porter & Bros., 109 Fed. 111, 6 Am. Bankr. Rep. 259. But especially see Dennison Brick & Tile Co. v. Chicago Trust Co. (C. C. A.) 286 Fed. 818, and opinion of the Supreme Court in Kline and Others v. Burke Construction Co., 260 U. S. 226, 43 Sup. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, delivered November 22, 1922.

The result must be that the order of injunction described in the petition for a review thereof was erroneous, and should be and now is reversed and set aside.

The referee will direct, if the trustee shall deem it advisable and so ask, that intervention be applied for by the trustee in each of the state court suits referred to, to the end that if there are any remnants left after the satisfaction of the liens and claims in those suits he may claim it, or if there be any serious controversy as to the validity of the debts or mortgage of either of those creditors, and if in addition it is not now too late to undertake to do anything with a situation like that, he may be authorized to seek to intervene in either or both of said actions, and claim and therein obtain what he may be entitled to.

At present, however, our only order is that the order of the referee made herein on the 6th day of April, 1923, and complained of in the petitions for a review thereof, and whereby, among other things, the master commissioner of the McCracken Circuit Court and others are ·enjoined and restrained from proceeding further in their cases in that ·court, should be and are each reversed and set aside.

Subsequent proceedings will be as already suggested.