### In re WINTER.

(District Court, E. D. Michigan, S. D. January 19, 1927.)

No. 6195.

1. **Bankruptcy** ⊜⟶151—Bankruptcy court's custody of bankrupt's property and trustee's title thereto are subject to rights of others at time of petition.

Custody of bankrupt's property, which court of bankruptcy obtains, and title acquired by trustee, are subject to rights of other persons at time of filing petition in bankruptcy, except in so far as voidable under the Bankruptcy Act (Comp. St. §§ 9585–9656).

2. **Bankruptcy** ⊜⟶212—Judgment of court with jurisdiction of suit to enforce adverse claim or title to land will be recognized by bankruptcy court.

Where a court has properly acquired jurisdiction of suit to enforce adverse claim of lien on or title to certain land, and petition in bankruptcy is thereafter filed against owner, but suit is not stayed by bankruptcy court or intervention sought by officer, judgment thereafter rendered will be recognized by bankruptcy court.

3. **Bankruptcy** ⊜⟶140(1)—Trustee, elected after vendors repossessed land sold to bankrupt under contract, acquired no title thereto (Comp. Laws Mich. 1915, § 13240 et seq., and § 13253, as amended by Pub. Acts Mich. 1917, No. 243).

Where vendors, under Comp. Laws Mich. 1915, § 13240 et seq., and section 13253, as amended by Pub. Acts Mich. 1917, No. 243, repossessed land sold to bankrupt under contract by notice served on bankrupt before filing of petition, equitable interest in land ceased and reverted to vendors, and trustee subsequently elected acquired no title thereto.

4. **Bankruptcy** ⊜⟶212—State court's jurisdiction of proceedings to repossess land is not ousted by filing of bankruptcy petition against owner, nor is judgment invalidated (Comp. Laws Mich. 1915, § 13240 et seq., and section 13253, as amended by Pub. Acts Mich. 1917, No. 243).

Jurisdiction acquired by state court of statutory summary proceedings, under Comp. Laws Mich. 1915, § 13240 et seq., and section 13253, as amended by Pub. Acts Mich. 1917, No. 243, to repossess land sold on contract acquired before filing of bankruptcy petition, was not ousted, nor was judgment rendered in such proceedings invalidated, by mere filing of bank-

ruptcy petition, in absence of stay or injunction or attempt to intervene.

In Bankruptcy. In the matter of bankruptcy of William Winter. On petition to review an order of one of the referees. Order of the referees set aside.

Daniel R. Foley, of Detroit, Mich., for petitioners.

Paul R. Dailey, of Detroit, Mich., for trustee in bankruptcy.

SIMONS, District Judge. This is a petition to review an order of one of the referees in bankruptcy for this district. Pursuant to the memorandum opinion heretofore filed herein, directing a re-reference of the cause to the referees for further findings, such findings and a transcript of testimony in support thereof have been returned to this court, and the matter is now ready for disposition.

The material facts, which do not appear to be in dispute. are as follows:

Before the date of the filing of the voluntary petition in bankruptcy herein, on which the bankrupt was adjudicated on said date, the bankrupt had purchased certain land, situated in Michigan, in this district, on a land contract containing the usual provision that, immediately upon the default of the vendee therein, the vendors might terminate such contract and repossess such land. The bankrupt had defaulted in his obligations under said contract, and was subject to such dispossession; and the bankrupt had been served with notice, by said vendors, of the termination of said contract, and of said bankrupt's rights thereunder. Pursuant to said default and notice, and before the time of the filing of said petition in bankruptcy, the said vendors had duly commenced against said vendee statutory summary proceedings, pursuant to section 13240 et seq. of the Michigan Compiled Laws of 1915, as amended by Act No. 243 of the Michigan Public Acts of 1917, before a circuit court commissioner of Michigan having jurisdiction over the parties and subject-matter involved, for the recovery of possession of said land.

After the filing of said bankruptcy petition, and after the adjudication of said vendee as a bankrupt thereon, but before the election of a trustee in bankruptcy for such bankrupt, and before any attempt by or on behalf of the bankrupt, or of any officer of the bankruptcy court to intervene or appear in said statutory proceedings (although said vendors had knowledge of the bankruptcy proceedings), the vendors obtained, in said statutory proceedings, a judgment for the recovery of possession of said land and the statutory period of 30 days for redemption from such judgment expired without any attempt at such redemption on the part of any one. Thereafter a trustee in bankruptcy was elected herein, and he instituted, before the referees in bankruptcy, summary proceedings in bankruptcy against the vendors for the recovery from them of said land or its value, on the ground that said judgment was void as against the trustee in bankruptcy, because it had been rendered after the filing of the bankruptcy petition and the bankruptcy adjudication thereon. An order was entered granting the relief so prayed, and the vendors filed their petition to review such order in this court.

Assuming, without deciding, that at the time of the filing of the petition in bankruptcy the bankrupt had such possession, actual or constructive, of the land in controversy as to support summary, as distinguished from plenary, proceedings by the trustee, I am of the opinion that the referee erred in making the order complained of.

[1] It is, of course, elementary that the custody of property of a bankrupt which a court of bankruptcy obtains, and the title to such property which a trustee in bankruptcy acquires, are subject to whatever rights in, and claims against, such property are held by other persons at the time of the filing of the petition in bankruptcy by or against such bankrupt, except in so far as such rights or claims are void or voidable under the express provisions of the Bankruptcy Act. To the extent indicated, the trustee stands in the shoes of his bankrupt with respect to the title of property so involved.

[2] It is also settled law that where a court, federal or state, has properly acquired jurisdiction in a suit brought against a person to enforce an adverse claim of lien on, or title to, certain land, and after such court has acquired such jurisdiction in such suit a petition in bankruptcy is filed by or against such person, but such aforementioned suit is not stayed by the bankruptcy court, and no officer thereof seeks to intervene in such suit, a judgment thereafter rendered therein will be recognized by the bankruptcy court as valid and binding. Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; Lindstroth Wagon Co. v. Ballew, 149 F. 960, 8 L. R. A. (N. S.) 1204 (C. C. A. 5); Sample v. Beasley, 158 F. 607 (C. C. A. 5); In re Rohrer, 177 F. 381 (C. C. A. 6); In re Fraser (D. C.) 261 F. 558; In re Hoey, Til-

·den & Co. (D. C.) 292 F. 269; In re Ogilvie (D. C.) 295 F. 567; In re Iroquois Utilities, Inc., 297 F. 397 (C. C. A. 2). See, also, Dennison Brick & Tile Co. v. Chicago Trust Co., 286 F. 818 (C. C. A. 6).

[3] Applying these principles to the present case, I am of the opinion that, under the Michigan law, by which, of course, this court is here bound, upon the service on the bankrupt prior to the filing of the bankruptcy petition herein, of the notice of termination of his rights under the land contract in question, the equitable interest in such land which he had theretofore held as vendee in such land contract ceased and reverted to the vendors therein. Satterlee v. Cronkhite, 114 Mich. 634, 72 N. W. 616; Lambton Loan & Investment Co. v. Adams, 132 Mich. 350, 93 N. W. 877; Murphy v. McIntyre, 152 Mich. 591, 116 N. W. 197; La France v. Griffin, 160 Mich. 236, 125 N. W. 34; Donnelly v. Lyons, 173 Mich. 515, 139 N. W. 246; Security Investment Co. v. Meister, 214 Mich. 337, 183 N. W. 183. The trustee in bankruptcy subsequently elected acquired no better title to such land than such bankrupt had.

[4] It is equally clear that the jurisdiction acquired by the circuit court commissioner in the statutory proceedings already referred to, before the filing of the bankruptcy petition, was not ousted, nor was the judgment rendered in such proceedings invalidated, by the mere filing of such bankruptcy petition, in the absence, as here, of any stay or injunction by the bankruptcy court, and in the absence of any attempt by any officer of such court to intervene or appear in the proceedings resulting in such judgment.

It is not claimed by the trustee that the judgment complained of was fraudulent or preferential, nor that the vendors are liable to an accounting in this proceeding, and no such questions are here involved or considered.

It results that the order of the referee was erroneous and must be set aside. An order will be entered accordingly.