## In re FENSTERMACHER et al.

## In re FENSTERMACHER.

### Nos. 8121, 8127.

District Court, M. D. Pennsylvania.
Feb. 28, 1933.

T. J. Purdy, of Sunbury, Pa., for bankrupts.

E. E. Pawling, of Selinsgrove, Pa., and A. Francis Gilbert, of Middleburg, Pa., for respondent.

JOHNSON, District Judge.

The bankrupts in these two cases filed voluntary petitions in bankruptcy on December 16, 1932, and six days later they presented petitions to this court asking that Harvey S. Sterner, a judgment creditor, be restrained from proceeding with the sale of real estate of the bankrupts on an execution issued on a judgment of the court of common pleas of Northumberland county, Pa. The judgment in this case, amounting to $6,000, was entered by confession about two months before the filing of the petition in bankruptcy on a bond accompanying a mortgage. The mortgage was recorded on April 1, 1925.

The question presented for decision is whether the United States District Court, sitting as a court in bankruptcy, has jurisdiction to restrain a sale of the bankrupt's real estate incident to the foreclosure of a mortgage recorded more than four months prior to the date of the filing of a petition in bankruptcy where the judgment on the bond accompanying the mortgage was recovered within four months of the filing of the petition in bankruptcy.

The Supreme Court of the United States has repeatedly held that, where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition in bankruptcy, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of the petition, to bring about a judicial sale of the real estate. Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060.

In Re Schwartz, 52 F. (2d) 900, decided by the United States District Court for the Western District of Pennsylvania, as in the instant case, the mortgages were recorded more than four months prior to the filing of the petition in bankruptcy and the judgments on the bonds accompanying the mortgages were entered within four months of the date of the filing of the bankruptcy petition. The court there held that it is the lien created by a levy or judgment that is invalidated by section 67f of the Bankruptcy Act (11 USCA § 107 (f), and not a judgment or decree in enforcement of an otherwise valid pre-existing lien. Metcalf v. Barker, supra; Straton v. New, supra; and that since the Pennsylvania courts have held that the lien of a judgment entered on a bond accompanying a mortgage relates back to the date of the recording of the mortgage and that such judgments are merely proceedings to enforce a valid pre-existing lien, the bankruptcy court is without jurisdiction to restrain a foreclosure sale of the bankrupt's real estate on a judgment entered within four months of the filing of the petition in bankruptcy where the mortgage has been recorded more than four months prior to the institution of the bankruptcy proceedings.

The facts in the case at bar are so similar to those of the Schwartz Case and the law relating thereto has been so clearly stated by Schoonmaker, District Judge, that a further discussion of the legal questions here presented is unnecessary. It follows that the injunctions must be denied.

And now, February 28, 1933, the petitions for injunctions are dismissed, the rules granted thereon are discharged, and the preliminary injunctions heretofore granted are dissolved.