## In re CHAB.
### No. 2548.

District Court, D. Nebraska, Lincoln Division.

Sept. 8, 1934.

Robert R. Hastings, of Crete, Neb., for bankrupt.

Stanley Bartos, of Wilber, Neb., for creditors.

MUNGER, District Judge.

In this case the petitioner filed a voluntary petition in bankruptcy on July 17, 1934. In it he says that he also wishes to obtain the benefits of section 75 of the Bankruptcy Act, as added by Act March 3, 1933, § 1, as amended by Act June 7, 1934, §§ 8, 9, and Act June 28, 1934, § 1 (11 USCA § 203). Under section 75 of that act, it is required that the farmer shall file a petition asking for a composition or extension of time to pay his debts. By subsection (s) of the act, the farmer who fails to obtain the acceptance of a majority in number and amount of all his creditors, may amend his petition and ask to be adjudged a bankrupt. Thereupon the farmer is entitled to proceed in accordance with the terms of subsection (s) of the act.

The petitioner has not proceeded according to the terms of section 75. Having filed an ordinary voluntary petition in bankruptcy, his right to stay suits is determined by section 11 of the Bankruptcy Act (11 USCA § 29). The petitioner seeks to restrain the clerk of the District Court of Saline county from executing deeds to certain persons, pursuant to a decree of that court, in a suit in which a specific performance of a contract relating to lands was decreed against the petitioner. Such an act is not one that may be stayed under section 11 of the Bankruptcy Act. The state court appears to have obtained jurisdiction of the parties and subject-matter of the suit long before this bankruptcy proceeding was begun, and is entitled to proceed to the enforcement of the decree. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060; McGonigle v. Foutch (C. C. A.) 51 F.(2d) 455; In re Maier Brewing Co. (C. C. A.) 65 F.(2d) 673. The application for a restraining order will be denied.