In re GARNER et ux.

No. 8773.

District Court, M. D. Pennsylvania.

March 23, 1935.

John A. Smarsh, of Chambersburg, Pa., for bankrupt.

Stenger Diehl and William S. Hoerner, both of Chambersburg, Pa., for creditors.

JOHNSON, District Judge.

This case comes before the court on a petition to review an order of the referee dismissing a rule to show cause why an injunction should not issue.

On August 8, 1934, Harry C. Garner and Irene Garner, his wife, individually and as tenants by entirety, filed a voluntary petition in bankruptcy and on August 14, 1934, filed a petition averring that they were farmers and desired to take advantage of section 75 of the Bankruptcy Act as amended (11 USCA § 203) and asked the court to restrain the sheriff of Franklin County from selling certain personal and real property. A temporary restraining order issued and, upon answers being filed, the case was referred to the referee in bankruptcy. A petition for the appointment of appraisers under section 75 of the Bankruptcy Act was later filed with the referee. The referee recommended that the temporary restraining order be dismissed and that the petition for appointment of appraisers under section 75 also be dismissed and in his conclusions of law held that the bankrupts could not take advantage of section 75 of the Bankruptcy Act because they had not taken the proper steps to come within that section. The referee further held that section 75 (s), 11 USCA § 203 (s) of the Bankruptcy Act, commonly known as the Frazier-Lemke Act, was unconstitutional.

On Dec. 14, 1934, the bankrupt presented to this court a petition to remove the adjudication in bankruptcy. It is not necessary, in this case, to pass upon the constitutionality of section 75 of the Bankruptcy Act because the bankrupts cannot bring themselves within that section, since they

have filed a voluntary bankruptcy petition and were duly adjudged bankrupts thereon.

Since it is not necessary to determine the constitutionality of the Frazier-Lemke Act (11 USCA § 203 (s), that branch of this case will not be discussed, but if it were necessary to decide the constitutionality of that law, this court would be inclined to decide the law constitutional, unless very clear and persuasive reasons impelled the court to the opposite view. Up to this time, the weight of the decisions appears to favor the constitutionality of the law. Under section 75, 11 USCA § 203, it is required that the farmer shall file a petition asking for a composition or extension of time to pay his debts. If he fails to obtain the acceptance of a majority in number and amount of all his creditors, then he may amend his petition and ask to be adjudged a bankrupt under subsection (s) of section 75. The bankrupts herein have not proceeded in accordance with section 75 and cannot now claim the benefits thereof. In re Chab (D. C.) 8 F. Supp. 195; In re Wilkin (D. C.) 8 F. Supp. 222. There is no procedure to transmute a voluntary petition in bankruptcy into a proceeding under section 75. In re Coller (D. C.) 8 F. Supp. 447, 448. The voluntary proceeding should therefore be carried on in the usual way.

In Re Coller, supra, Dickinson, District Judge, referring to subdivision (s) of section 75 (11 USCA § 203 (s) said:

"It relates in the first place solely to those who are petitioners under section 75 and not to those who have already been adjudged bankrupts. This classification does not include the present petitioner, for he has been adjudged a bankrupt.

"In the second place, it includes only those who have failed to secure the approval of creditors to an offered plan of extension or who are dissatisfied with the extension plan approved by creditors. This does not include the petitioner, because no extension plan has been submitted.

"In the third place, the right given the debtor is to 'amend his petition or answer asking to be adjudged a bankrupt.' This does not apply to the petitioner, because he has already asked 'to be adjudged a bankrupt.'"

■ While this court is disposed to aid farmers in securing relief, and while a court of bankruptcy may permit the removal of an adjudication in bankruptcy for certain causes as where fraud, lack of jurisdiction, or no provable debts appear, Remington on Bankruptcy (3d Ed.) vol. 1, § 512 et seq., none of which causes appear in this case, yet in view of the fact that the petition for removal of adjudication was not filed until December 14, 1934, over four months after the adjudication, that the creditors object to such removal, and that it is doubtful whether section 75, 11 USCA § 203 will aid the petitioners in view of their large indebtedness over and above their assets, we think that the petition to remove the adjudication should not be granted.

■ It is a general rule that where a state court of competent jurisdiction has taken cognizance of an action to enforce a lien on property of a debtor, and the action is pending at the time of his adjudication in bankruptcy, but the lien is not dissolved thereby, because it attached more than four months previously, the jurisdiction of the state court is not divested by the bankruptcy proceedings, and the federal court has no authority to enjoin the creditor from the further prosecution of his action. Remington on Bankruptcy (3d Ed.) § 2042; 7 C. J. p. 206, § 311; 11 USCA § 107 note 329; Straton et al. v. New, Trustee in Bankruptcy, et al., 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060. As to real estate, this court, in the case of In re Fenstermacher (D. C.) 2 F. Supp. 687, followed the general rule by holding that it was without jurisdiction to restrain the sale of bankrupt's real estate incident to foreclosure of a mortgage recorded more than four months prior to filing of a petition in bankruptcy, notwithstanding judgment on the bond accompanying the mortgage was recovered within such four-month period. See, also, In re Schwartz (D. C.) 52 F.(2d) 900. As to personal property, where the sheriff has made his levy over four months prior to the filing of a petition in bankruptcy, the lien is over four months old and is not dissolved by the bankruptcy. There appears to be no logical reason why the same general rule applicable to real estate should not be applicable to personalty, yet in several decisions of this court, rendered by District Judge Archbald, In re Baughman, 138 F. 742 and In re Vastbinder, 132 F. 718, a distinction was made. It appears that the distinction sought is that the possession of a sheriff under a writ of execution does not give to the state court jurisdiction over the rem. See Remington on Bankruptcy (3d Ed.) § 2042, note 6. But the possession of the sheriff under a writ of execution is the same whether the property

levied upon be personalty or realty, and as to realty this court has held that the state court has jurisdiction over the rem where the sheriff has made his levy. A sheriff is an officer of the state court under duty to execute its process, 57 C. J. p. 730, § 1; Words and Phrases (First Series) vol. 5, p. 4527, and volume 7, p. 6483; Ricketson et al. v. Commonwealth, 51 Pa. 155. The possession taken by the sheriff, an officer of the state court, under a valid process of the court, issued upon a duly recorded judgment, is such possession in the state court that gives to it jurisdiction of the rem. Nathan B. Burkett et al. v. Simmons Hdw. Co. (Tex. Civ. App.) 52 S.W.(2d) 675. 21 A. B. R. (N. S.) 628.

In Straton v. New, supra, Mr. Justice Roberts in 283 U. S. at page 326, 51 S. Ct. 465, 468, 75 L. Ed. 1060, pointed out the case of In re Baughman, supra, as not being in accord with the weight of authority.

We therefore follow the general rule above set forth, whether the property levied on be personalty or realty.

And now, March 23, 1935, upon due consideration, it is ordered that the order of the referee dismissing the petition for appointment of appraisers and refusing to allow the bankrupts to proceed under section 75 of the Bankruptcy Act is hereby affirmed and the said petition for appointment of appraisers under section 75 (11 USCA § 203) is hereby dismissed, and it is further ordered that the referee's order dismissing the rule to show cause why an injunction should not issue is hereby affirmed and the rule is hereby dismissed and the temporary restraining order vacated, and it is further ordered that the petition to remove the adjudication in bankruptcy be and the same hereby is dismissed.