LOWRIE *v.* GOURLAY.

112   641
114   637
112   641
119   345

LAND CONTRACTS—DEFAULT—ESTOPPEL.

Where a purchaser of land under a contract providing that payments should be forfeited in the event of his default, seeks to obtain relief in equity from the penalty of his default by bill for specific performance, and suffers his bill to be dismissed because of his refusal to pay the balance due upon the contract, he is thereafter estopped from maintaining an action at law to recover the forfeited payments and the prospective profits.

Error to Wayne; Frazer, J.   Submitted April 27, 1897. Decided May 11, 1897.

*Assumpsit* by Charles J. Lowrie. against James Gourlay and others for an alleged breach of a land contract. From a judgment for plaintiff, defendants bring error. Reversed.

The parties to this suit entered into a written contract December 6, 1889, by which the defendants agreed to sell to plaintiff certain parcels of land for $700,—$240 on delivery of the contract, and the remainder in three semi-annual payments, with interest. It also provided that, upon failure of the plaintiff to perform the contract, the defendants might elect to consider it at an end, and in that event all payments and improvements made by the plaintiff were to be deemed forfeited as stipulated damages for the nonperformance of the contract. Plaintiff's declaration sets up this contract *in hœc verba*, alleging the payment of the $240; the further payment of $179.83, and tender of the balance; the sale of the land to other parties for a largely increased price; and damages, consisting of the portion of the purchase price paid, and the profits he might have made by a rise in the value of the land. The declaration also contains the common counts. Defendants pleaded the general issue, with special notice of a former suit in equity upon the same cause of action.

The undisputed facts are that plaintiff neglected and refused to pay the second installment when due. Defendants brought suit therefor in justice's court. He defended. They recovered a judgment. He appealed to the circuit court, where trial was had, and judgment was again rendered for the defendants. Execution was issued, but no property, either of plaintiff or his sureties, could be found upon which to levy. Execution was finally issued to the sheriff of Tuscola county, and collected. Plaintiff made none of the other payments as they became due. On May 26, 1892, the defendants, treating the contract as abandoned by the plaintiff, sold the lands to Robert and John Kestell. Plaintiff never tendered to the defendants or the Kestells the amount due

upon the contract. On August 6, 1892, plaintiff filed a bill in equity in the circuit court for the county of Wayne, in which he set up the contract, alleging that he had always been willing to comply with the terms of said agreement; that he had offered to pay the amount due; that the defendants had sold the lots to the Kestells; and prayed that they be decreed to account to him for the actual amount of cash they had received for the property, less the amount that might be found due upon the contract; and also for any increase in the value of the lots. The bill also contained a prayer for general relief. The Kestells were made parties to that bill. Both the Kestells and the defendants answered, offering to accept the amount due and execute a deed, and alleging that they had always been ready and willing to do so. Plaintiff refused to pay the amount due and accept a deed. His bill was thereupon dismissed.

*Charles C. Stewart,* for appellants.

*James H. Pound,* for appellee.

GRANT, J. (*after stating the facts*). Plaintiff has no standing in a court of law. He neglected to pay and has never tendered the amount due. The court cannot make a contract for him. Defendants have never been in default. If he desires to be relieved from the legal effect of his default in making payments, a court of equity is the proper and only forum in which he can get relief. He entered that forum, and filed a bill under which he was entitled to specific performance. This was tendered him and declined. He is therefore estopped to maintain a suit at law.

Judgment reversed, and no new trial ordered. Defendants will recover the costs of both courts.

The other Justices concurred.