SATTERLEE v. CRONKHITE.

LAND CONTRACTS—DEFAULT—FORFEITURE OF PAYMENTS.

A vendee in a land contract which authorizes the vendor to declare a forfeiture for nonpayment of installments, and provides that, in such case, all payments previously made shall be forfeited to the vendor, cannot recover from the latter any payments made upon the contract, notwithstanding a sale of the land by the vendor to a third party, where the conveyance was made expressly subject to the rights of the vendee, who was in default at the time, and did not intend to make any further payments, nor offer to make any when a forfeiture was subsequently declared by the grantee.

Error to Kent; Adsit, J. Submitted October 7, 1897. Decided October 25, 1897.

*Assumpsit* by Ophelia Satterlee against Woolsey Cronkhite to recover payments made upon a land contract. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Stuart & Barker*, for appellant.

*C. O. Smedley* (*John W. Powers*, of counsel), for appellee.

MOORE, J. Plaintiff, by the direction of the court to the jury, recovered a judgment for money paid upon a land contract, from which judgment defendant appeals.

October 10, 1892, the plaintiff and her sister made a

contract with defendant for the purchase of certain real estate for the sum of $4,000, $250 to be paid upon delivery of the contract, and $20 a month thereafter.    This contract had a forfeiture clause in case of default, which provided:

"Should such default continue for 30 days, then, that is to say, after the lapse of said 30 days, said party of the first part may declare this contract forfeited, and immediately re-enter and take possession of said premises, or, if necessary, maintain proceedings to recover the possession of the same, without giving any notice to said parties of the second part; and said parties of the second part waive notice to quit in case this contract is declared forfeited, and agree to vacate and deliver possession of said premises to said party of the first part immediately.    In case of such forfeiture, all payments on this contract, and all buildings and improvements on said premises, shall be forfeited to said party of the first part.    If the party of the first part so elect, he may enforce the payments due on this contract at law, and make conveyance as aforesaid."

Plaintiff afterwards acquired the interest of her sister, and made the payments required, until April 22, 1895, when she ceased to make payments, and made none after that date.    July 26, 1895, Mr. Cronkhite deeded the premises in question to his wife, Mary L. Cronkhite, the deed containing this provision:    "To have and to hold, all and singular, the said premises, together with the appurtenances, unto the said party of the second part, and to her heirs and assigns, forever, subject to all contracts, leases, or other papers now outstanding."    September 13, 1895, Mrs. Cronkhite, by her attorney, Mr. Miller, notified Miss Satterlee that the premises had been deeded to her, subject to the land contract, and its terms; that default had been made in said contract for more than 30 days; that, by the terms of the contract, there was due $3,200,—and requesting immediate possession of the premises, according to the terms of the contract.    Miss Satterlee made no offer to pay the payments in arrear, or any other sum, upon the contract, but in November moved

out of the house, and sent the key of the house to the attorney of Mrs. Cronkhite.

On the cross-examination, Miss Satterlee testified:

"I stopped paying, because I found I was not able to keep up the payments. I had some correspondence with Mr. Cronkhite in regard to the matter, and he offered to release me from the payment of interest for a year or two, if interest were paid on unpaid interest, and in all the correspondence he desired me to keep the property. Soon after making the April payment,—the latter part of April, —I determined fully to make no other payments, and I paid nothing after that, and made no effort to, and did not intend to, and I came to that conclusion before receiving the notice from Mr. Miller that he served on me; and about the latter part of April,—I think just about that time,—I received notice that sewer connections would have to be made, and a new sidewalk put down."

The circuit judge instructed the jury that the only question for them was the amount due Miss Satterlee; that she was entitled to recover the amount paid by her upon the contract, and for taxes, with interest, less the rental value of the premises.

We think this was wrong. According to her own showing, Miss Satterlee has no standing in court. She had defaulted in her payments, and decided never to make any more, and in her correspondence with Mr. Cronkhite he offered to modify the contract, to enable her to go on with it. In the deed made by him, Mr. Cronkhite had taken care of the interest of Miss Satterlee. She was in default four payments before any effort was made to forfeit the contract for want of payments. Before any effort was made to obtain possession of the premises, written notice was served upon her, according to the terms of the contract. It is clear from the record that her failure to perform her contract was not because she was prevented from doing so by any act of Mr. Cronkhite, or his grantee, but because she had, as early as in April, decided not to go on with it. The defendant was entitled to have

judgment directed in his favor.    *Lowrie* v. *Gourlay*, 112
Mich. 641.

Judgment is reversed, and no new trial ordered.

The other Justices concurred.