(64 App. Div. 508.)

### GOLDMAN v. WILLIS.

(Supreme Court, Appellate Division, Second Department. October 18, 1901.)

VENDOR AND PURCHASER—BREACH OF CONTRACT—TENDER OF PERFORMANCE.
    An action to recover an advance payment on an executory contract
    for the sale of real estate for breach of the contract is not maintainable
    where the plaintiff made no tender of the amount owing, and never
    requested a performance by the defendant.

Appeal from municipal court, borough of Brooklyn.
    Action by Morris Goldman against Isabella M. Willis. From a
judgment in favor of defendant, plaintiff appeals. Affirmed.
    Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles H. Machin, for appellant.
Ellis L. Aldrich, for respondent.

PER CURIAM. This is an action in the municipal court to re-
cover $100, this being the amount of an advance payment upon an
executory contract for the sale of real estate, the plaintiff claiming
that the defendant is in default in conveying the property. While
there was no time fixed in the contract for the final transfer, the evi-
dence is conclusive that there was an understanding that it was to
be within a few days of the signing of the contract. The plaintiff
never made any tender of the amount due, never asked the defend-
ant to perform, and under the rule laid down in Ziehen v. Smith, 148
N. Y. 558, 560, 42 N. E. 1080, the judgment dismissing the complaint
upon the merits should be affirmed, with costs.