## HELM v. RONE.

No. 3443.    Opinion Filed June 16, 1914.

(141 Pac. 678.)

**VENDOR AND PURCHASER—Breach of Contract—Recovery of Money
Paid.** Where a vendee pays money in part performance of an
executory contract of sale and fails to perform it, he cannot re-
cover of the vendor the money so paid.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;
Edward D. Oldfield, Judge.*

Action by Rachel Helm against John B. Rone.    Judgment
for defendant, and plaintiff brings error.    Affirmed.

*Taft & Vickery,* for plaintiff in error.

*Ames, Chambers, Lowe & Richardson,* for defendant in
error.

TURNER, J.    The record discloses that on July 5, 1907,
defendant in error was the owner of certain real estate in Okla-
homa City, and on that date entered into a written contract with
plaintiff in error to sell the same to her.    She paid $1,000 on the
purchase price, and agreed to pay $2,775 on July 5, 1908; the
deed to be put in escrow and delivered to her on payment of that
sum.    The contract provided that time was the essence of the
contract.    Pursuant thereto the purchaser took possession of the
property and collected the rents, but failed to pay the $2,775 as
agreed.    Thereafter defendant took possession of the property

and sold it to another, whereupon plaintiff sued to recover the $1,000 paid as stated. Defendant, up to the time of the breach, was ready, able, and willing to perform his part of the contract. The trial court was right when it held that plaintiff could not recover. The rule is, without exception, that where a party advances money in part performance of an executory contract of sale, and afterwards breaches his contract, he cannot recover the money paid. In *Hansbrough v. Peck,* 72 U. S. (5 Wall.) 497, 18 L. Ed. 520, the material facts are substantially the same as here. There the court said:

"And no rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done. *Green v. Green,* 9 Cow. [N. Y.] 46; *Ketchum v. Everton,* 13 Johns. [N. Y.] 364 [7 Am. Dec. 384]; *Leonard v. Morgan,* 6 Gray [Mass.] 412; *Haynes v. Hart,* 42 Barb. [N. Y.] 58. The same doctrine has been repeatedly applied by the courts of Illinois, the state in which this case arose. *Chrisman v. Miller,* 21 Ill. 236, and cases referred to in the argument."

In *Green v. Green, supra,* in the syllabus it is said:

"To warrant a recovery as for money had and received, paid under a special contract (e. g., a contract to convey land), a strict performance must be shown by the plaintiff, the same as if he had sued on the special contract itself, unless the contract has been expressly rescinded, or impliedly so, as by nothing having been done under it for a long time or the party sought to be charged having acted inconsistent with it. Thus where a party covenanted to pay money for land by installments, on completing which he was to have a deed, and he took possession, and continued it for some time, making partial payments, but finally failed to pay, and the vendor took possession, in an action for money had and received to recover back the money paid, *held,* that it would not lie."

No further citation of authority is necessary, but see *Glock v. Howard & Wilson, etc.,* 123 Cal. 1, 55 Pac. 713, 43 L. R. A. 199, 69 Am. St. Rep. 17; *Laffey v. Kaufman,* 134 Cal. 391, 66

Pac. 471, 86 Am. St. Rep. 283; *Satterlee v. Cronkhite,* 114 Mich. 634, 72 N. W. 616; *Goldman v. Willis,* 64 App. Div. 508, 72 N. Y. Supp. 292; *Steinbach v. Pettingill,* 67 N. J. Law, 36, 50 Atl. 443; *Downey v. Riggs,* 102 Iowa, 88, 70 N. W. 1091.

Affirmed.

All the Justices concur.