## BISHOFF v. MYERS.

No. 14447—Opinion Filed Feb. 5, 1924.

(Syllabus.)

1. **Pleading—General Demurrer to Answer Containing General Denial.**

Although the allegations of defendant's answer and cross-petition may not be sufficient to state a cause of action against the plaintiff, yet, where it contains a general denial, the plaintiff's general demurrer to said "answer and cross-petition" should be overruled, under the rule that, if any part of the answer states a good defense, a general demurrer thereto cannot be sustained.

2. **Vendor and Purchaser—Rescission of Contract—Recovery of Partial Payment.**

A party who has contracted to buy real estate and has paid a portion of the consideration, and then refuses to pay the balance when due under the contract of sale, the other party being ready and willing to fulfill all his stipulations according to said contract, will not be permitted to recover what he has paid, but where such other party is unable to convey a valid title to said property at the time the purchaser's other payment is due, the purchaser may recover such amounts as have been paid.

3. **Homestead—Contract for Sale by Husband Alone—Invalidity.**

A contract for the sale of the homestead of the family by a married man, entered into without the wife's consent in the manner prescribed by law, is void.

Error from District Court, Payne County: C. C. Smith, Judge.

Suit by L. F. Bishoff and Georgia A. Bishoff against Belle M. Myers. From a judgment for the defendant, on cross-petition against the plaintiff L. F. Bishoff, the plaintiff appeals. Affirmed.

Wilcox & Swank, for plaintiff in error.

Thos. A. Higgins and Sylvester Berton, for defendant in error.

MASON, J. The record discloses that on August 21, 1920, L. F. Bishoff and Georgia A. Bishoff were the owners of certain real estate in the city of Cushing, Okla., and on that date L. F. Bishoff entered into a written contract with the defendant, Belle M. Myers, to sell the same to her. She paid $600 on the purchase price and agreed to pay $4,400 on November 21, 1920, which she failed to do.

It further appears that sometime thereafter she filed an affidavit of record in the office of the county clerk of Payne county, in which she claimed an equitable interest in said property. This cause was then commenced by the plaintiffs, L. F. Bishoff and Georgia A. Bishoff, against the defendant for the purpose of canceling said affidavit of record and quieting the title of the plaintiffs to said property.

The defendant filed her answer and cross-petition, consisting of a general denial and other allegations relative to said contract of sale as set forth in plaintiff's petition. She then alleged that, on the day the remaining $4,400 was due under the terms of said contract, the plaintiff L. F. Bishoff and defendant agreed orally that the defendant was to have the balance of the year 1920 in which to pay said amount, but that a short time after making said oral agreement said plaintiff notified the defendant that the contract was null and void, and that the defendant had forfeited said $600 as a penalty for the failure to com-

plete said payment as provided for in said contract.

She further alleged that time was not of the essence of the contract, and that the $600 was not paid as liquidated damages and that the plaintiff had no right to retain and forfeit the same. Defendant then prayed judgment for the recovery of said $600 or an equitable interest in said real estate amounting to said sum.

The plaintiffs filed their general demurrer to the defendant's answer and cross-petition, which was by the court overruled, after which they filed their reply, consisting of a general denial, and further allegations that said property constituted the homestead of the plaintiffs, and that therefore the contract for the conveyance, not being joined in by Georgia A. Bishoff, the wife of the plaintiff L. F. Bishoff, was null and void and of no effect, and that it should be canceled as a cloud on the title of the plaintiffs.

The case was tried to the court and judgment rendered quieting title to said real estate in the plaintiffs. The court also rendered judgment for the defendant on her cross-petition against the plaintiff L. F. Bishoff for $600. Thereafter, he filed his motion for new trial, which was overruled, and he has duly perfected his appeal to this court.

For reversal, it is first contended that the trial court erred in not sustaining his general demurrer to the answer and cross-petition of the defendant. Counsel cite many authorities supporting their contention, that the allegations of the answer and cross-petition are insufficient to constitute a cause of action in favor of the defendant and against the plaintiff L. F. Bishoff. The first paragraph of defendant's answer and cross-petition, being a general denial, certainly states a defense, and therefore the question as to the sufficiency of that portion of the pleading constituting the cross-petition was not properly raised, and the trial court properly overruled the demurrer, under the rule that if any part of the answer states a good defense, a general demurrer thereto cannot be sustained.

Counsel next contended that the judgment of the court is contrary to the evidence and it is not sustained by sufficient evidence. The evidence in the case is substantially the same as the allegations of the pleadings of the parties as above set forth. In support of this contention counsel cite many cases holding in substance the same as Hurley v. Anicker, 51 Okla. 97, 151 Pac. 593, L. R. A. 1918B, 538, wherein this court held as follows:

"A party who has contracted to buy land and has paid money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover what he has paid, or for what he has done."

They also cite Helm v. Rone, 43 Okla. 137, 141 Pac. 678, wherein this court quoted with approval from the case of Hansbrough v. Peck, 5 Wall. (U. S.) 497, 18 L. Ed. 520, as follows:

"And no rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done. Green v. Green, 9 Cow. (N. Y.) 46; Ketchum v. Everton, 13 Johns. (N. Y.) 364, 7 Am. Dec. 384; Leonard v. Morgan, 6 Gray (Mass.) 412; Haynes v. Hart, 42 Barb. (N. Y.) 58. The same doctrine has been repeatedly applied by the courts of Illinois, the state in which this case arose. Chrisman v. Miller, 21 Ill. 236, and cases referred to in the argument."

In the body of the opinion, in the case of Hurley v. Anicker, supra, the court uses this language:

"It may be remarked that the Hansbrough Case, supra, is one of the leading cases in this country, and has been widely cited. We call special attention to the qualifying clause in the quotation given, 'the other party being ready and willing to proceed and fulfill all his stipulations according to the contract.' These were not idle words placed in the rule by the Supreme Court of the United States, but are an essential part of the rule announced. * * *"

In the brief of the plaintiff in error, in the instant case, it is contended that the proof shows conclusively that both plaintiffs were ready, willing, and anxious to have the defendant take the property and pay the balance of the purchase price. We have examined all the evidence carefully and cannot agree with counsel.

Mrs. Bishoff was not a party to the contract for the sale of the property, and nowhere does her testimony disclose that she had ever agreed or consented to the sale of her homestead. The evidence discloses, however, in one place that she did consent to let the defendant store part of her things on the back porch of the house of the premises involved. It does not appear, however, that

this was done under the contract of sale, but upon condition that defendant would inclose the porch. Bishoff does testify, however, that he was ready and willing at all times to convey said property, but the deed in evidence shows the title in the same to be in both plaintiffs, and the reply of the plaintiffs not only alleges this to be a fact, but that the same was the homestead of the plaintiffs and that the contract of sale, not being signed by Mrs. Bishoff, was therefore null and void.

This court, in the case of Shannon v. Potter et al., 83 Okla. 66, 200 Pac. 860, held that an attempted conveyance by deed of the homestead of the family by a married man, given without the wife's consent in the manner prescribed by law, is void.

It will therefore be seen that the plaintiff in error had no authority to enter into the contract for the sale of the property involved herein, and that the $600 paid by the defendant was without consideration, and we therefore conclude that the trial court did not err in rendering judgment for the defendant for said amount.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and LYDICK, JJ., concur.