## GIBSON v. BRANNUM.

No. 11293—Opinion Filed Feb. 19, 1924.

Second Rehearing Denied Nov. 25, 1924.

(Syllabus.)

1. **Vendor and Purchaser—Breach of Contract to Sell Land—Right of Purchaser to Recover Partial Payment.**

A party who has contracted to buy real estate and has paid a portion of the consideration, and then refuses to pay the balance when due under the contract of sale, the other party being ready and willing to fulfill all his stipulations according to said contract, will not be permitted to recover what he has paid, but where such other party is unable or refuses to convey a valid title to said property as required by the terms of the sale contract, the purchaser may recover such amounts as have been paid.

2. **Same—Reservation by Vendor of Mineral Rights—Tender of Deed in Compliance.**

By the terms of a written contract, signed by the parties, B. agreed to sell G. certain real estate and warrant the title, with this reservation: "First party reserves all oil, mineral, or gas rights on the above described land." G. paid $1,000 and agreed to pay $1,666 in ten days. The time of payment was extended by mutual agreement without fixing a definite date for the payment. B., 18 days after date of the contract, preparatory to commencing an action against G., or holding the $1,000, executed a deed containing this reservation: "* * * Except that the said Mattie W. Brannum, as one of the parties of the first part, hereby reserves all the oil, gas, and minerals in place in, on, or under the surface of said land, and all the rights of ownership therein, and reserves to herself, her heirs, and assigns, the right and license of exploring, mining, developing, or operating for any or all of said products, going upon said lands, erecting thereupon all necessary buildings, pipe lines, machinery, and equipment necessary in and about the business of mining, developing, or operating for any of said products, hereby reserving to herself, her heirs and assigns, all of the rights of a full owner operating on his own land according to all the privileges and customs of the field which may be developed about said tract of land." G. refused to accept said deed; held, the rights reserved in the deed were within the contemplation of the terms employed in the contract.

3. **Same—Refusal to Accept Deed—Effect.**

Held, further, G., by refusing to accept said deed, was precluded from recovering the portion of the purchase price which had been paid.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by John W. Gibson against Mattie W. Brannum. Judgment for defendant, and plaintiff appeals. Affirmed.

Bowling & Farmer, for plaintiff in error.

Alvin F. Pyeatt and H. G. Butts, for defendant in error.

MASON, J. This is an action to recover as for money had and received. The trial court sustained a demurrer to plaintiff's evidence and directed a verdict for the defendant.

The evidence adduced by plaintiff, with the reasonable inferences and deductions to be drawn therefrom, discloses these facts: By a written contract signed by the parties, defendant agreed to sell and convey to the plaintiff 250 acres of land and to warrant the title, with this reservation: "First party reserves all oil, mineral, or gas rights on the above described land." Plaintiff agreed to assume a mortgage of $3,854, to pay $1,000 cash, which he paid at the time the contract was signed, and to pay $1,666 within ten days. By mutual agreement, the time of payment was extended without fixing a definite day for such payment.

Sometime thereafter, the defendant executed and tendered to the plaintiff a deed and demanded payment of $1,666. It appears from the record that the defendant did this in preparation for a suit for specific performance against the plaintiff. The deed tendered by the defendant contained this reservation:

"* * * Except that the said Mattie W. Brannum, as one of the parties of the first part, hereby reserves all the oil, gas, and minerals in place in, on, or under the surface of said lands and all the rights of ownership therein and reserves to herself, her heirs and assigns, the right and license of exploring, mining, developing, or operating for any or all of said products, going upon said lands, erecting thereupon all necessary buildings, pipe lines, machinery, and equipment necessary in and about the business of mining, developing, or operating for any of said products, hereby reserving to herself, her heirs and assigns, all of the rights of a full owner operating on his own land according to all the privileges and customs of the field which may be developed about said tract of land."

The plaintiff contended that this reservation was not in compliance with the contract, and refused to accept it. He then had one prepared with the reservation ex-

pressed in the exact language of the contract, which he presented to the defendant and asked her to execute. He did not tender the balance of the purchase price of $1,666, although the record does disclose that he contended that he was ready to carry out his part of the contract.

The record further discloses, however, that the plaintiff expected to secure the remainder of the purchase price by mortgaging said place, but that the mortgage company refused to make the loan with this reservation in the deed. The defendant refused to execute the deed so presented to her, and refused to execute any deed other than the one tendered by her, and refused to return the $1,000 paid at the time the contract was signed. This action was then commenced by the plaintiff to recover said $1,000.

Under the rule announced by this court in Hurley v. Anicker, 51 Okla. 97, 151 Pac. 593, the plaintiff would not be entitled to recover, if the reservation contained in the deed tendered to the plaintiff by defendant was in compliance with the terms of the contract between the parties. See, also, Helm v. Rone, 43 Okla. 137, 141 Pac. 678.

However, if the reservation in said deed was not in compliance with said contract, or if it deprived plaintiff of rights or property to which he was entitled under the contract, then the plaintiff would be entitled to recover the money advanced. Hurley v. Anicker, supra; Helm v. Rone, supra; Bishoff v. Myers, 101 Okla. 36, 223 Pac. 165. Is the reservation in the deed tendered by the defendant a compliance with the sale contract? Counsel for plaintiff contend that it is not. In support of this, they cite the following cases: Erickson et al. v. Michigan Land & Iron Co. (Mich.) 16 N. W. 161; Coleman v. Chadwick (Pa.) 21 Am. Rep. 93; Wilms v. Jess (Ill.) 34 Am. Rep. 242. None of these cases refer to oil or gas, but refer to iron and coal, and hold to the effect that, where a deed reserves minerals, the reservation must always respect surface rights of support and cannot permit the surface to be destroyed without additional statutory or contract authority therefor. Cases are also cited holding that, where a deed is executed conveying lands, but reserves all coal and minerals thereunder, the grantor cannot remove same without additional compensation for damages to the surface. These cases are not applicable to the case at bar.

In the instant case, the defendant not only reserved all the oil, minerals, and gas under said land, but all the oil, mineral, and gas rights in said land. The defendant was the owner of the fee-simple title; that is, everything above and below, as well as the surface itself. She could use it in any way she saw fit; she had a right to all oil, minerals, or gas below the surface; the right to remove all or any portion thereof, and the right to erect all buildings, pipe lines, and machinery necessary to produce and develop the same. Under the reservation in the sale contract, she reserved all of these. In fact, counsel for plaintiff admit this to be true in their response to the petition for rehearing of the opinion heretofore filed by the Commission in the following statement:

"The reservation in the sale contract gave to the defendant the ownership of all the oil, gas, and minerals, and that ownership as a matter of law carried with it the right to go upon the lands and to use so much of the surface as might be reasonably necessary in exploring for minerals and developing the same."

Wherein, then, can it be said the reservation of the deed differed from the reservation of the sale contract? The only difference is in the number of words used. Certainly there is no difference that would affect the property rights of the plaintiff. The rights reserved in the deed are within the contemplation of the terms employed in the contract. Therefore, when the plaintiff refused to accept said deed and refused to comply with the other terms of the contract and pay the balance of the purchase price, he was not entitled to recover what he had paid.

It is also urged that the trial court erred in refusing to permit the plaintiff to introduce evidence that the defendant thereafter conveyed the land to another for an expressed larger consideration. Counsel for plaintiff contend that the same was admissible for the purpose of showing that the defendant had rescinded her contract of sale. This contention is not well taken, as a mere transfer of the title of said land would not of itself be an abandonment of the contract with the plaintiff. Parkside Realty Co. v. MacDonald (Cal.) 137 Pac. 21.

Even if the defendant by said acts had put it out of her power to comply with said contract, or was guilty of such a breach of it that she could not enforce it, the plaintiff could not then elect to rescind and recover the money paid, inasmuch as he, previous thereto, had defaulted and breached the terms of said contract by failing to accept the deed ten-

dered by defendant and paying the balance of the purchase price. Aikman v. Sanborn, 5 Cal. 961, 52 Pac. 729.

The record in this case discloses that the plaintiff had made application for and expected to secure sufficient funds to pay the balance of the purchase price from a mortgage company, but the company refused to make the loan with a reservation of the oil, mineral, and gas rights in the defendant. The plaintiff then attempted to have the defendant waive this reservation, and when she refused, he realized that he probably would not be able to raise sufficient funds to close the transaction. For this reason, the objection to the reservation in the deed was probably made more for the purpose of rescinding the contract and recovering what had been paid, than because it was not in the exact language of the reservation provided for by the contract.

Therefore, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and COCHRAN, JJ., concur.