## Shroder *versus* Brenneman.

1. A right of way along an alley appurtenant to a particular lot cannot lawfully be used as a mode of access to another lot to which it is not appurtenant.

2. *Case* is the remedy for the illegal use or obstruction of such an alley.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of trespass on the case by A. N. Brenneman *v.* John F. Shroder, for the improper use of or interference with an alley along which the plaintiff had a right of passage. The alley was six feet in width, extending along the property of the plaintiff up to and along a property of Shroder's, the defendant, at the head of the alley, as to which property Shroder had the right of way along the alley. This property Shroder had purchased from John Metzgar. But Shroder had another property lower down the alley, bordering on it, and along which the alley run at right angles to its other course, to which the alley was not appurtenant. The property last referred to he had purchased from *Withers*. Shroder placed a hydrant in the alley along the side of the latter property, and close to the line of it, and had a gate

[Shroder *v.* Brenneman.]

put in the side of such lot near to the hydrant. It was alleged, on his part, that the hydrant did not obstruct the passage. It was for the use of the alley in connexion with the latter lot for which the action was brought. The plea was not guilty.

On the trial it was offered to be proved, on the part of *the defendant*, that the hydrant was put there by the authority of the city; that the defendant had a permit to locate it in the way it was; also that where the hydrant stands there was a structure, and that, until three years last past, there was no gate leading from the alley into Brenneman's yard, except one near to the mouth of the alley; also for the purpose of showing that the erection of the hydrant was not an obstruction of the right of way, it was offered to prove that the ground on which the hydrant stands, was not used as a right of way, but for 45 years or upwards was occupied by buildings or structures whose existence was inconsistent with a right of way. Also offered to ask a witness whether the hydrant, as it stands against Shroder's wall, interferes with or obstructs in any way the passage along the alley. Such testimony or evidence was overruled.

Points were submitted on each side.

LONG, J., charged the jury that where two or more persons have a right of way or passage, each of them must so use that right, as not to interfere with the proper enjoyment of the rights of others; and any interference with that privilege, no matter how small, will give to the party whose right is interfered with, a cause of action. If therefore the defendant had no right by the grant under which he holds to erect such *a hydrant*, he could not do so, without the consent of the other persons who have a right of way to this alley. With regard to the door or opening, which was made into the wall of the defendant, and which communicates into the alley, the door has an entrance into premises which is not entitled to participate in the enjoyment of the alley. The mere erection of this door, or making an opening into the wall, would not entitle the plaintiff to an action; but if the defendant or his servants, or persons in his employ living in those premises made use of this right of way, then an action would lie by any person whose right was interfered with; and as the plaintiff, in conjunction with others, has a right of way to the alley, he would have a right of action if there has been intrusion upon it by the defendant, or persons in his employ. It is true, that the defendant has other property lying within the range of the alley, to which the right of way through it is incidental; but the right annexed to those lots, would not extend the right to this lot although it lies alongside of the alley, for this would be changing the rights of the parties to the original grant, and those under whom they claim, and introducing persons who have no right to participate in its use.

2 G

[Shroder *v.* Brenneman.]

February 1, 1854, verdict for plaintiff for three cents damages, and costs of suit.

Error was assigned to the charge, and to the answers to points to the same effect.

*Frazer*, with whom were *Ellmaker* and *Fordney*, for plaintiff in error.—Shroder did not claim a right to the alley for the property purchased from *Withers.* As owner of the Metzgar lot at the head of the alley he had the right to the alley, and it was no interference with the right of Brenneman for Shroder to step from the alley into his lower lot, or in coming from said lot to go into the alley. It was said that the hydrant did not interfere with the right of way of Brenneman. The action is for an obstruction of the right of way, and not for trespass on the soil; and it was for the jury to say whether there was an obstruction to the right of way.

It was further said that the Court erred in not permitting it to be proved that the hydrant was not on ground which had been used as a right of way for 45 years, &c.

*Landis* and *Franklin*, with whom was *Black*, for defendant in error.—To make an alley an appurtenant to what it was not at the time of the purchase, would be a fraud upon the contract: 1 *Wharton* 223, Kirkham *v.* Sharp. Reference was made to the case of Jamison *v.* McCready, 5 *W. & Ser.* 140; 6 *Whar.* 193; 21 *Pick.* 72; 8 *Exch. Rep.* 187. *Case* lies by one having a right of way against an intruder, without proof of actual damage: 4 *Barr* 486, Williams *v.* Esling.

The Court left it to the jury to say whether the right to the alley was connected with the *Withers property*, and they found that it was not. An encroachment however small is an injury, and for an injury there should be a remedy: 4 *Barr* 486.

The authorities of the city have no right to cause hydrants to be erected on *private* property. It was no defence that others had erected and maintained for a number of years an obstruction in a portion of the alley, which obstruction had been removed. This could not justify the defendant in placing an obstruction in the alley at the same place. The hydrant was *in the alley*, and in law was an obstruction, no matter what the opinion of a witness may have been.

The opinion of the Court was delivered, June 14, by

WOODWARD, J.—It is a well-settled rule of law, that if a man have a right of way over another's land to a particular close, he cannot enlarge it and extend it to other closes, and this whether his right be by user or by deed: *Rolle* 391, Howell *v.* King; 1

[Shroder v. Brenneman.]

*Mod.* 190, Henning v. Burnett; 8 *Exch. Rep.* 192, Davenport v. Lawson; 21 *Pick.* 72, Kirkham v. Sharp; 1 *Wh.* 323, Lewis v. Carstairs; 6 *Wh.* 207.

The reason of the rule is stated in Howell v. King, and runs through the subsequent cases, that if the law were not so the owner of the close to which the right is appurtenant might purchase an indefinite number of adjoining acres, and annex the right to them, by which the grantor of the way might be entirely deprived of the benefit of his land; a reason which applies with all its force to a private alley like that in respect to which this suit was brought. Entitled to the use of this alley for the purposes of the lot purchased of Metzgar, if Shroder can use it also for the convenience of the lot he purchased from Withers, there is nothing to prevent his use of it in connexion with any other lots he may purchase along the alley, and thus Brenneman may be annoyed with the general use of a right granted only for a special purpose. The right is not *personal* to Schroder, but appurtenant to his one specific lot, and the necessary limitation of its extent is found in the terms of the grant. It cannot be carried beyond, without invading the reserved rights of the grantor, for which *case* is the appropriate remedy.

The action was evidently brought to test the rights of the defendant rather than to recover compensatory damages, and therefore he was not injured by the rejection of the evidence contained in the bills of exception.

The judgment is affirmed.

LEWIS, J., was absent during the argument.