|102 449|
|134 ³ 98|

## SETH W. FIELDS v. MERRILL COLBY, HIGHWAY COMMISSIONER OF THE TOWNSHIP OF IOSCO.

*Equity practice—Appeal—Highways—Public necessity—Cul de sac.*

1. Where the record in a chancery appeal case consists of the bill, answer, replication, decree, and a claimed copy of the proofs taken in open court, but no case has been settled as provided by the statute, the proofs cannot be considered, but the case will be heard on the bill and answer.

2. A bill in equity is no evidence for the complainant; and where the case is submitted on bill and answer, and no exceptions are filed to the latter, relief must be based on the admissions in the answer; and, if it denies or does not admit any averment that is material to the prayer for relief, the bill must fail; citing *Wiegert v. Franck*, 56 Mich. 200.

3. A sworn answer to a bill in equity must be taken as true where

102 MICH.— 29.

the case is heard on bill and answer; citing *Ruhlig v. Wiegert*, 49 Mich. 399.

4. There is no statute or rule of law that expressly determines that, before a public highway can be laid out, it must have certain and definite *termini* in other public highways.

Appeal from Livingston. (Person, J.) Argued October 4, 1894. Decided November 20, 1894.

Bill to restrain defendant from taking further proceedings to open a highway. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Edward S. Grece* and *J. L. Pettibone,* for complainant.

*John Cummiskey* and *S. S. Abbott (Luke S. Montague,* of counsel), for defendant.

LONG, J. A decree was entered in the court below dismissing complainant's bill, from which he appeals. The record returned here contains the bill, answer, replication, decree, and a claimed copy of the proofs taken in open court; but, as no case was settled as provided by statute, the proofs cannot be considered. The appeal will not be dismissed, but the case heard here on bill and answer.

A bill in equity is no evidence for complainant; and where the case is submitted on bill and answer, and no exceptions are filed to the latter, relief must be based on the admissions in the answer; and, if it denies or does not admit any averment that is material to the prayer for relief, the bill must fail. *Wiegert v. Franck,* 56 Mich. 200. The answer was not sworn to, and the rule must be followed that a sworn answer to a bill in equity must be taken as true where the case is heard on bill and answer. *Ruhleg v. Wiegert,* 49 Mich. 399.

It appears that in August, 1893, a petition was made by the requisite number of freeholders to the defendant, as

commissioner of highways, to lay out and establish a highway. The land to be taken may be seen from the plat on following page.

The commissioner served the proper notice of hearing, and, before the day of hearing, a protest was filed with him. On the day of hearing, the commissioner made his order, in due form, for laying out and establishing the highway. This bill is filed to enjoin the defendant from opening the highway, or taking any further proceedings therein, or from interfering with complainant in the possession of his premises, which are proposed to be taken. The bill avers that the original petition for the laying out of the highway was procured by the false representations of Munsell and Walters, for whose accommodation, it is claimed, the highway was to be established, in that they represented that the road was a public necessity, and was to be opened for the public benefit, but that the whole expense was to be paid by Walters and Munsell, and that the road was to be only two rods wide, and that Walters and Munsell had no way of reaching their land except by this road, and had been forbidden to cross those lands. It is also alleged that this highway is not a public necessity, and that Walters and Munsell had permission to cross other lands to get to their own, and purchased said land with full knowledge of the situation. It is also claimed that the only proceeding which they could of right take is for a private road to their lands, and in which proceeding they would be compelled to pay the whole expense, as the road to be laid out is a *cul de sac.*

The answer admits the proceedings to lay out the highway, and asserts—

"That, in pursuance of said application and notice, defendant found the said highway necessary, and did determine and did lay out and establish a highway, as described in said bill of complaint, and that said highway

Section and quarter-section lines.
(SECTION 1 AND A STRIP OFF FROM THE EAST SIDE OF SECTION 2.)
IOSCO, LIVINGSTON COUNTY, MICH.

was and is a legal and valid public highway, under the laws of the State, and that all the proceedings for the laying out thereof have been regular and according to the laws of the State; that the said highway is a public highway, under the laws of this State, and is for the benefit of not only the said William Walters and Henry J. Munsell, but for all the inhabitants of this State; and that the application therefor was for a public highway, as appears by said application, and not for a private way or road; and that the freeholders who signed said application for said highway did so for the express purpose of having a public highway laid out; and this defendant denies that any false or fraudulent representations were made to any of said petitioners for said highway, and denies that any of said freeholders were told that the said highway was to be a private road, and not a' public highway. He denies that any false or fraudulent representations were made to said freeholders or to any one; and this defendant says that the said William Walters and Henry J. Munsell had no way of reaching their said premises, or either of them, by any road; that, as this defendant is informed and verily believes, they had been in the habit of crossing the fields of other adjoining owners from the public highway for some time, but had acquired no right of way across any of the lands to the said premises; that, as he is informed and believes, soon before the laying out of the said highway, the said Henry J. Munsell and William Walters had been, each of them, forbidden to any longer cross the said premises of others to their said lands; and this defendant avers that all the said questions as to the necessity of said public highway, and the necessity of establishing and laying out the same, came before this defendant at the time of the laying out of said highway, and were passed upon by him officially, as said highway commissioner, and that this defendant also considered the protest that was presented to him at the time of the laying out of said highway, and that the complainant and others were given opportunity by this defendant to make such objections, present such protests, and make such showing as was legal in the matter, before the final determination of this defendant, as said commissioner, to lay out and establish said highway; that in said proceeding this defendant, as said highway commissioner, determined the question of whether said highway was the best and most feasible one

for a highway to said premises, and determined that it was."

This answer must be taken as true,—that the laying out of the highway was a .public necessity, and that no false representations were made in procuring it to be laid out. It is admitted by counsel for complainant that, under certain circumstances, a *cul de sac* might be considered a public highway; but it is said that no such circumstances exist here, as it is for the private use of Walters and Munsell only. The answer denies this, and asserts that it is a public necessity, and the commissioner has so found in his order. There is no statute or rule of law that expressly determines that, before a public highway can be laid out, it must have certain and definite *termini* in other public highways.

We think the case is settled upon the facts set up in the answer, which are conclusive upon us.

The decree of the court below must be affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. MCGRATH, C. J., did not sit.