## Andrew J. Maier, Jr. and Mayme Elizabeth Maier, Appellants, *v.* Dora M. Walborn and Warren J. High.

*Equity—Injunction—Alleys and streets—Dedication.*

The designation of a street as a boundary in a conveyance of land, whether opened or not, if it be on ground of the grantor, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way, and is also a dedication of the street to public use.

Where an alley has been plotted and opened by an original owner, and he subsequently conveys all lots abutting thereon by deeds which call for the alley as a boundary, the same operates as a dedication of the alley to a public use.

*Equity—Practice—Injunction—Exceptions to findings of fact and conclusions of law—Laches.*

In a bill of equity for an injunction, where it appears that the plaintiff's delayed in filing the bill or objecting to the use of the alley by the defendants, with full knowledge of such use, for from two to three years, and until each of the defendants had expended a considerable sum of money in the erection of garages, they are guilty of laches and the bill is properly dismissed.

Exceptions to findings of fact and conclusions of law are defective, where in each exception there is embraced a number of findings and conclusions. As with assignments of error, so with exceptions to the findings or conclusions of a chancellor, each should refer to only one distinct subject-matter.

Argued November 10, 1924.  Appeal, No. 227, Oct. T., 1924, by plaintiffs, from decree of C. P. Berks Co., Sitting in Equity, Equity Docket 1923, No. 1356, in the case of Andrew J. Maier, Jr., and Mayme Elizabeth Maier, v. Dora M. Walborn and Warren J. High.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Bill in equity for injunction.   Before BIDDLE, P. J. 9th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.   Plaintiffs appealed.

*Error assigned* was the decree of the court.

*Edward D. Trexler,* for appellants.

*Charles W. Matten,* and with him *Charles K. Derr* and *Wilson S. Rothermel,* for appellees.

OPINION BY KELLER, J., February 27, 1925:

This is an appeal from a decree dismissing a bill in equity filed to enjoin defendants from using a ten-feet-wide alley bounding the plaintiff's property on the west. The bill, in substance, averred that the alley had been laid out many years before to be used exclusively by the abutting owners on the east and west; and that defendants were unlawfully using the same, in connection with an extension to the alley at its southern end, as a means of access to their respective garages.   The court below based its dismissal of the bill on two grounds: (1) That the plotting and opening of the alley by the original owner (Joseph Spuhler) in 1868 and his subsequent conveyance of all the lots abutting thereon by deeds which called for the alley as a boundary, operated as a dedication of the alley to public use;  (2) that, even if not a public alley, the plaintiff's delay in filing the bill, or objecting to the use of the alley by the defendants, with full knowledge of such use, for from two to three years, and until each of the defendants had expended a considerable sum of money in the erection of his or her garage, was such as to call for a refusal of the injunction, especially in view of the slight injury to the plaintiffs by such use.   We agree with the learned court on both grounds.

(1) The alley was laid out by Joseph Spuhler for the full depth of his land. It was not referred to in any of the deeds as a private or common alley. No rights or privileges in it were specifically granted by deed to any of the purchasers of lots abutting on it. In none of these conveyances was there any intimation that the use of the alley was to be restricted to those owning property abutting on it who had acquired their title through Joseph Spuhler; it was named as a boundary, nothing more. Three small houses were built facing on the alley and were occupied by families. The alley was used by the public just as any alley would be, except that it was closed at one end. A street light has been maintained in it by the city since 1905. We held in Barnes v. Phila., etc., R. R. Co., 27 Pa. Superior Ct. 84, that the designation of a street as a boundary in a conveyance of land, whether opened or not, if it be on land of the grantor, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way; and is also a dedication of the street to public use. This was in accordance with the ruling of the Supreme Court in Quicksall v. Phila., 177 Pa. 301, 304, where it was said: "The right passing to the purchaser [according to a plan of lots] is not the mere right that he may use the street, but that all persons may use it." See also: Osterheldt v. Phila., 195 Pa. 355; Transue v. Sell, 105 Pa. 604; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Com. v. Llewellyn, 14 Pa. Superior Ct. 214, 219. In the cases relied upon by the appellee, (Kirkham v. Sharp, 1 Wharton 323; Shroder v. Brenneman, 23 Pa. 348; and Schmoele v. Betz, 212 Pa. 32), there was internal evidence in the deeds themselves that the alleys were only private alleys, by the clauses permitting their use by the grantees in common with other abutting owners. The facts in Gowen v. The Phila. Exchange, 5 W. & S. 141, are wholly dissimilar from this case, and the extract from Chief Justice Gibson's opinion (p. 143) quoted by appellee's counsel was not intended to hold that one could

not lay out or dedicate a public highway ending in a cul de sac, for such is not the case. There may be a public highway over a place where no thoroughfare exists: Bateman v. Bluck, 18 Q. B. (A. & E. N. S.) 870; Trustees of Rugby Charity v. Merryweather, 11 East 375 n; Dovaston v. Payne, 2 Sm. L. C. 199, note, (6th Am. ed.). A cul de sac may be a highway: Danforth v. Durell, 8 Allen (Mass.) 242; People v. Kingman, 24 N. Y. 559; Fields v. Colby, 102 Mich. 449, 60 N. W. 1048; 2 Bouvier's Law Dictionary (Rawle's 3d Rev.) 1438.

(2) But in any event, we are of opinion that on the record before us the plaintiffs are not entitled to equitable relief as prayed for. Plaintiffs became the owners of their property on April 2, 1918. Mrs. Walborn purchased her property in April 1920. The fence across the southern end of the alley was at once torn down and the alley extended and Mrs. Walborn erected a garage at the rear of her lot fronting on the alley thus extended and used the alley for its entire length in hauling materials for building her garage and as the only means of access to it when built. The plaintiffs had full knowledge of all these doings and made no objection thereto until the filing of this bill on March 23, 1923. Mr. High, the other defendant, became the owner of the property adjoining Mrs. Walborn on the south in March, 1921, and at once constructed a garage on the rear of his lot, opening into the end of the alley as extended, and used the alley for its entire length in hauling materials for building his garage and as the only means of access to it when built. The plaintiffs were fully aware of his actions and likewise made no objection thereto until shortly before the filing of this bill. On the contrary Mr. Maier, on behalf of the plaintiffs, approached both defendants with a view of securing their coöperation in paving the alley with cement.

Under this state of facts, the court below rightly held that it would not be equitable to grant relief to the

plaintiffs by way of injunction; that their remedy, if they were entitled to any, must be pursued in law. The following decisions sustain the court's action in this respect: Smith v. Rowland, 243 Pa. 306; Hohl v. Modell, 264 Pa. 516; Penna. R. R. Co. v. Glenwood, etc., Ry. Co., 184 Pa. 227; Powers' App., 125 Pa. 175. The court might also have ruled that, under the evidence, the character of the alley as a private way and the plaintiffs' special rights therein had not been so clearly established as to justify a suit in equity for their enforcement until they had first been determined by an action at law: Washburn's App., 105 Pa. 480; Ferguson's App., 117 Pa. 426, 450; O'Neil v. McKeesport, 201 Pa. 386; Marshall v. Penna. Co., 44 Pa. Superior Ct. 68. We have not discussed the twenty garages built by the defendant High on land adjoining his lot above-mentioned on the south, for the reason that they are not mentioned or referred to by the plaintiffs in their bill; it relates—as respects High,—solely to the garage erected by him at the rear of his lot, No. 147 North Tenth Street. If the plaintiffs desired an adjudication as respects the right of High to use the alley as a means of access to these garages, which it is now alleged were built or building at the time of filing the bill, the facts should have been averred by way of amendment to the bill or by supplemental bill: Rule No. 59, Equity Rules.

As the question was not raised we do not pass upon the right of the plaintiffs to join as defendants in one suit parties who owned no land in common and made no joint use of the alley. We agree with the learned court below that the exceptions filed by appellants to the findings of fact and conclusions of law were defective, in that each exception embraced a number of findings and conclusions. The result is that on appeal all of the assignments of error based thereon relate to more than one finding or conclusion. As with assignments of error, so with exceptions to the findings or conclusions of a

522, (1925).]        Opinion of the Court.

chancellor, each should refer to only one distinct subject-matter.

The assignments of error are overruled and the decree is affirmed at the costs of the appellants.