Ulrich *v.* William S. Grimes and Alice Grimes, Appellants.

Argued November 22, 1927. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

314

*Edwin L. DeLong*, and with him *C. H. Ruhl*, for appellants.

*A. H. Rothermel*, of *Rothermel & Mauger*, for appellee.

OPINION BY PORTER, P. J., July 12, 1928:

This is an appeal from a decree of the court below enjoining the defendants from obstructing an 18-foot wide alley, adjoining and bounding defendants' lots, or interfering with the use of said alley, as a right of way, appurtenant to the property of the plaintiff.

We have in this appeal twenty assignments of error, most of which refer to the admission of oral testimony upon the trial of the case in the court below. In construing contracts it is altogether proper to consider the circumstances existing at the time and the subject-matter with which the parties dealt. It was proper in this case to admit testimony as to the condition of the land and the several parts thereof at the time the parties to this proceeding, and their predecessors in title, acquired their respective lots, and the testimony which established those facts was properly admitted. Some of the testimony, the admission of which is assigned for error, was incompetent and might properly have been excluded, but that testimony was really immaterial, under the undisputed facts, and we are not convinced that its admission worked injury to appellants' cause.

The following facts are either established by the pleadings or were upon the trial admitted to be true. Adam Emes was the owner of a tract of land in South Heidelberg Township, Berks County, which included the lots now owned by the appellants and the appellee. In 1897 Emes conveyed to Pierce K. Steffy a lot fronting 40 feet on the public road, describing it as extending back "southwardly by an 18-feet-wide alley land of the grantor 136 feet 10 inches to a point thence eastwardly by an 18-feet-wide alley and land of the same 40 feet to a point, thence northwardly 136 feet 10 inches to a point in the middle of the aforesaid public road, thence westwardly 40 feet to place of beginning. Together with the privilege of the joint use of the aforesaid alley or driveways on the west and north [south] side of the within described lot to the grantee within and his heirs and assigns forever." Title to this lot, with its appurtenances, has become vested in the appellants. Adam Emes died in 1912, leaving a will and testament, in which he empowered the executors named to sell real estate. The executors in the exercise of that power, on October 3, 1914, conveyed to James U. Grimes the lot of ground adjoining the lot of the defendants on the east, fronting on the public road 35 feet and extending back southwardly 136 feet 10 inches to an eighteen-feet-wide alley and land of the grantor. This lot, with its appurtenances, was duly conveyed by Grimes and wife to the plaintiff, in October, 1918. The plaintiff acquired title to a second lot of ground, in 1917, directly from the executors of Adam Emes, which lot lies adjoining and immediately eastward of the lot to which plaintiff subsequently acquired title by deed from James Grimes. This second lot called for a frontage upon the said eighteen-feet-wide alley. Each of the deeds aforesaid was promptly recorded in Berks County. In 1918 the plaintiff erected a garage on the rear end of one of his lots fronting directly upon said 18-feet-wide alley on the south thereof and

used the said alley as a means of access to said garage, hauling the material for the erection of said garage through both of said alleys and continuing to use the alleys as a means of access to the rear of his property without objection on the part of defendants until 1923. The defendants averred in their answer that the executors of Adam Emes had, on April 2, 1923, granted and conveyed in fee simple the land over which the alleys ran unto William Ruoss, his heirs and assigns, who, on July 3, 1923, granted and conveyed the same to the defendants. After having thus acquired title to the fee in the land over which the alleys were laid, the defendants denied the right of the plaintiff to use the alleys and obstructed and interfered with the use of the same by the plaintiff. It does not appear that either Adam Emes or the executor of his will had ever made a plot of the tract of land showing the division of it into lots, streets and alleys.

The deed made by Adam Emes to Steffy only conveyed to Steffy "the joint use of the aforesaid alley or driveways" and the covenants of that deed cannot be held to establish a dedication of the alleys as public highways. It thus appears that, so far as those parts of the alleys adjoin the land of the defendants, the deeds and circumstances under which they were made do not constitute the alleys public highways. The fee in land may be in one person and the exclusive right to use it as a right of way may be in another, but to accomplish that result the deed creating the right of way must specifically so covenant. The grant to Steffy was not an exclusive grant of right of way. The ungranted residue of the right of way was by the deed retained by the grantor, not as a right in gross, or for his personal use, but appurtenant to the remaining portions of the tract of land out of which the Steffy lot was carved: Kirkham v. Sharp, 1 Wharton 333. There was no evidence in this case which would warrant a finding that the alleys in question were by any

wall or other obstacle cut off from direct communication with the alleys there involved, and in that respect the facts were different from those presented in the case above cited. The alleys were contiguous not only to the lot granted to Steffy, but also to the residue of the Emes, tract. Emes, or his grantees of the residue of the tract, might extend the alleys through it and each grantee of a parcel of land fronting on such extension and calling for it as an adjoiner would be entitled to the benefit of the easement; this being limited to the tract to which the right of way was appurtenant: Lewis v. Carstairs, 6 Wharton 207; Schmoele v. Betz, 212 Pa. 32. Adam Emes had the right to extend this alley and no question is raised in this case as to the authority of his executors to subdivide the tract, extend the alley and convey lots with the right to use the alley as an appurtenance. The deeds under which the plaintiff claims call for the alley as a boundary and this involved an implied covenant by the grantor that the alley would be open for the use of the grantee: Maier v. Walborn & High, 84 Pa. Superior Ct. 522; Holmes v. Longwill, 89 Pa. Superior Ct. 1. It is argued on behalf of appellants, that the call for the alley in the deeds under which plaintiff claims conveyed to him only the right to use that part of the alley directly in front of his own lots. The argument is not sound. When a thing is granted, all the things to attain it, and all the fruits and effects of it, are granted also; and shall pass with it. It is manifest that the executors of Adam Emes' will, having the right to extend the alley, when they conveyed the lots now owned by plaintiff and calling for the alley as a boundary, did thereby extend the alley and the right thus acquired by the grantee included the right to use the entire alley: Cope v. Grant, 7 Pa. 491. When appellants, in 1923, long after the plaintiff took title to his lots, with the alley appurtenant, succeeded to the fee in the land

they took but the bare legal title to the soil, in trust for former grantees, of Emes' executors of the right of way appurtenant to their lots: Cope v. Grant, supra.

The decree is affirmed and the appeal dismissed at cost of the appellants.