Pittenger, Appellant, *v.* Boro. of Wilson.

382

Argued December 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and WHITMORE, JJ.

*H. A. P. Fischer*, and with him *Smith & Paff*, for
appellant, cited: Quicksall v. The City of Philadel-
phia, 177 Pa. 301; Patterson, etc. v. The Peoples
Natural Gas Company, 172 Pa. 554; Scott v. Donora
Southern Railroad Company, 222 Pa. 634.

*Dudley A. Giberson*, for appellee.—A map prepared
by a borough engineer which is neither adopted, con-
firmed nor approved by the borough authorities is not
an official map: Oakdale Borough v. Sterling, 8 Pa.
Superior Ct. 428.

OPINION BY TREXLER, P. J., January 30, 1931:

Peter Pittenger, Sr., died seized of a tract of land
now included in the Borough of Wilson, and in his
last will divided the land into six equal shares, giving
one share to each of his six sons, Peter Pittenger, Jr.,
the appellant, being one. The sons had the land sur-
veyed and divided it between themselves as shown on
a map which was duly recorded. This map showed

certain unopened streets, being projected continuations of the borough streets, and conforming to the general layout of existing streets. At the same time the map was filed, there was an agreement recorded which contained the provision that the map or plan should not be "construed as a dedication of the same to the public use" of the streets noted on the plan, or "that the same had been opened upon the ground subject to the use of themselves or their respective grantees;" they reserving to themselves the right to open any or all of said streets, and the recording of said plot should not convey any rights of any kind to the public or the borough.

Peter Pittenger sold part of his portion to Herbert Dawes. The tract was bounded by Lehigh Street, south 22nd Street and Washington Boulevard. Later on the borough instituted proceedings for the opening of Twenty-second Street. Viewers were appointed who found that Pittenger suffered no damage. An appeal was taken, an issue framed, and the trial resulted in a verdict for a substantial sum in favor of Pittenger. The court entered judgment n. o. v. for the defendant, hence this appeal.

Was there a dedication of Twenty-second Street by Pittenger when he gave the deed to Dawes? "The designation of a street as a boundary in a conveyance of land, whether opened or not, if it be on ground of the receipt of half of their commission. It was practthat it shall be opened for the use of the grantee as a public way and is also a dedication of the street to public use." See Maier v. Walborn & High, 84 Pa. Superior Ct. 522, in which our Brother KELLER cites numerous authorities in support of this statement. The reply of the plaintiff to this is that the rule does not apply to the present case, that, to quote the words of Justice FELL in Quicksall v. Philadelphia, 177 Pa. 301, "the distinction between the sale of lots

according to a plan made by the owner upon which streets are laid out and the mere reference in aid of description to streets projected by the municipality is manifest.'' To bring the deed of Dawes under the latter class, the plaintiff sought to prove that prior to the giving of the deed to Dawes, the council of the Borough of Wilson had adopted a borough plan on which Twenty-second Street had been shown as a borough street and that therefore the reference in the Dawes deed to it was merely by way of description.

There was no evidence produced to show such adoption. The only testimony in this connection was to the effect that the borough council had employed a surveyor to make a map or a plan of the borough, that subsequently a sketch of the map was exhibited, and the engineer directed to proceed with it and make it in four sections and that later he was paid for his work. There was no evidence that it was ever adopted by action of the borough council. The General Borough Act of 14 May, 1915, P. L. 312, Chapter 6, Art. 10, provides for a plan of a borough showing streets opened and unopened, and states in Section 3: ''The location of streets or alleys *laid out by council* shall not afterward be altered without the consent of council, and no map or plot of streets or alleys shall be entered in any public office of the county until approved by council.''

The plan in question was never approved by council. It is very evident that the map should not be effectual until approved or adopted. The securing of an engineer to prepare a plan was a step in its adoption, but at the time the Dawes deed passed, the matter was still open. It does not appear that there was any evidence offered or introduced showing that the map was the official map of the borough, although it was in the possession of some of its officers. The lower

court quotes from Verona Borough v. Allegheny Valley R. R., 152 Pa. 368, in which Justice MITCHELL states: "Even if the plan was in itself sufficient to satisfy the statute, there is the entire absence of the municipal adoption or approval to make it binding on the borough and thereby on the property owners. This is plainly contemplated by the Act of 1848, and is implied by the language of this court in Borough of Verona's Appeal, 108 Pa. 83."

In answer to the argument advanced that the above case is not applicable to the present, the lower court makes the following comment: "It is true that the Borough of Verona cases did involve the construction of a special act. That act required that certain things should be done by the town council upon the adoption of a plan, and they were all done except that no record was placed in the record book of the borough." We are all of the opinion that the designation of the streets in the Dawes deed amounted to a dedication and was not a mere reference to a street already adopted by the borough, nor only employed in aid of description.

The judgment is affirmed.